# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MICHELLE HALL

**DEFENDANTS**

ADELPHIA THREE CORP. d/b/a/ PHILY DINER, PETRO KONTOS, WILLIAM BALIS

**(b)** County of Residence of First Listed Plaintiff   Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Charles J. Kocher, Esq., McOmber McOmber & Luber
39 E. Main Street, Marlton, NJ 08053, 856-985-9800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 et seq. ("FLSA")

Brief description of cause:
Plaintiff is alleging FLSA violations.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
01/25/2021

SIGNATURE OF ATTORNEY OF RECORD
*Charles J. Kocher*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| MICHELLE HALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) Civil No. _____ ) ) ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) |
| vs. | ) ) |
| ADELPHIA THREE CORP. d/b/a/ PHILY DINER, PETRO KONTOS, WILLIAM BALIS, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) |

Plaintiff Michelle Hall, by and through her counsel, on behalf of herself and all others similarly situated, allege as follows:

## INTRODUCTION

1.     This is a class and collective action brought on behalf of "Tipped Employees" who work, or who have worked, at the Phily Diner.  Phily Diner is owned and/or operated by Defendants Adelphia Three Corp., Defendant Petro Kontos, and Defendant William Balis.

2.     Defendants employ individuals as "bartenders," "waiters/waitresses," "servers," and "bussers" (collectively "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices at the Phily Diner.

3.     As explained in detail below, Defendants systematically and willfully

violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New Jersey State Wage and Hour Law ("New Jersey State Law"), N.J.S.A. 34:11-56a *et seq.* and N.J.S.A. 34:11-4.1 *et seq.*, by failing to pay its waitstaff the federal minimum required cash wage of **$2.13** per hour, as required by 29 U.S.C. § 203(m) and New Jersey State Law (N.J.A.C. § 12:56-14.4). This is the federal minimum hourly "floor" for all employees in the United States, as well as in New Jersey. Defendants, however, paid its waitstaff, including Plaintiff, and the Class Members they represent, **$1.94** per hour, as reflected on their paystubs.

4.      An exemplar paystub of Plaintiff shows this systemic and clear violation:



5.      In addition, as explained in more detail below, Defendants systematically and willfully violated the FLSA and New Jersey State Law by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and failing to pay Tipped Employees for all hours worked, including hours in excess of forty hours per week.

6.      Because of Defendants' unlawful failure to properly inform Plaintiff

and the Tipped Employees of their intention to utilize a "tip credit" as required by federal law, Defendants were ineligible to take the "tip credit," and therefore, have unlawfully applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thereby paying them less than the mandated minimum wage in New Jersey.

7.     As a result of the aforementioned pay practices, Plaintiff and the Class Members (defined below) were illegally under-compensated for their work in violation of the FLSA and New Jersey State Law.

## JURISDICTION

8.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337.  Supplemental jurisdiction of Plaintiff's claims under New Jersey State Law is conferred by 28 U.S.C. § 1332 and 1367, as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution and those claims derive from a common nucleus of operative facts.

## VENUE

9.     Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because the conduct alleged herein occurred in this judicial district and because Defendants are subject to personal jurisdiction in this district.

## PARTIES

10.     Plaintiff Michelle Hall is a resident of Pine Hill, New Jersey who was employed by Defendants as a server/waitress at Phily Diner from on or about May 2010 through approximately May 2020, who Defendants failed to compensate properly for all hours worked.

11.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  **Exhibit A.**

12.     Defendant Adelphia Three Corp. d/b/a Phily Diner owns/operates a restaurant located at 31 S. Black Horse Pike, Runnemede, New Jersey 08078, which is its principal place of business.

13.     Defendant Kontos is a natural person engaged in business at the Phily Diner located in Runnemede, New Jersey.  Defendant Kontos is a co-owner of Phily Diner, and is sued individually in his capacity as a co-owner, officer, and/or agent of Phily Diner.  Defendant Kontos is the Vice President of Phily Diner.  Defendant Kontos exercises sufficient control over the operations of Phily Diner to be considered Plaintiff's employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at the Phily Diner.  Defendant Kontos and Defendant Balis are personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law.

14.    Defendant William ("Bill") Balis is a natural person engaged in business at the Phily Diner West located in Runnemede, New Jersey.  Defendant Balis is a co-owner of Phily Diner, and is sued individually in his capacity as a co-owner, officer, and/or agent of Phily Diner.  Defendant Balis is the President of Phily Diner.  Defendant Balis exercises sufficient control over the operations of Phily Diner to be considered Plaintiff's employer under the FLSA and New Jersey State Law, and at all times material herein established and implemented the pay practices, labor relations, and personnel policies and practices at the Phily Diner.  Defendant Balis is personally, jointly and severally liable for the violations of the FLSA and New Jersey State Law.

15.    At all relevant times, Defendants have been Plaintiff's employer within the meaning of the FLSA and New Jersey State Law.  Defendants have the power to hire and fire Plaintiff, control Plaintiff's terms and conditions of employment, and determine the rate and method of any compensation of Plaintiff's and those employees similarly situated.

16.    At all relevant times, Defendants have been single and joint employers of Plaintiff and others similarly situated within the meaning of the FLSA and New Jersey State Law.  In this regard, their operations are interrelated and unified, and they share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes, and

interrelated business goals.  In addition, they jointly determine and manage the pay practices, rates of employee pay and method of payment, maintenance of employee records and personnel policies, practices and decisions with respect to the employees.

## FACTUAL ALLEGATIONS

17.     The crux of the FLSA and New Jersey State Law is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

18.     Contrary to these basic protections, Plaintiff and Class Members were deprived of the mandated minimum wage for all hours they worked and denied the proper overtime pay when they worked in excess of forty hours in a workweek.

19.     Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

**Plaintiff's Experience Working for Defendants**

20.     At all relevant times during the course of her employment at the Phily Diner, Plaintiff was paid $1.94 per hour, or some other amount below the minimum wage, plus tips.

**Tip Credit Provision and Requirements**

21.     Rather than pay its Tipped Employees the applicable minimum wage – in New Jersey – Defendants chose to take a tip credit and pay the waitstaff $1.94 per hour, which is less than the minimum wage and also less the minimum cash wage

permitted under federal and New Jersey State Law.  The waitstaff were Tipped Employees.

22.     Under federal and New Jersey State Law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.

23.     An employer is not relieved of its duty to pay wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the applicable minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

24.     According to the U.S. Department of Labor's Fact Sheet #15 – Tipped Employees Under the Fair Labor Standards Act ("FLSA") ("Fact Sheet #15"):

> The maximum tip credit that an employer can currently claim under the FLSA section 3(m) is $5.12 per hour (the minimum wage of $7.25 minus the minimum required

cash              wage              of              $2.13).[1]

25.     While New Jersey has a higher minimum wage than the federal minimum wage, New Jersey follows the federal law and requires a cash wage of $2.13 to be paid to employees, including who customarily and regularly receive tips. https://www.dol.gov/agencies/whd/state/minimum-wage/tipped/2017 (noting that for New Jersey, among other states, the "State minimum cash wage payment is the same as that required under the federal Fair Labor Standards Act ($2.13/hr.)"); https://www.dol.gov/agencies/whd/state/minimum-wage/tipped/2018        (same); https://www.dol.gov/agencies/whd/state/minimum-wage/tipped/2019 (same) (last visited     Jan.     25,     2021)     (same;     *see     also* https://www.nj.gov/labor/forms_pdfs/wagehour/minimumwage_postcard.pdf ("New Jersey's Minimum Wage" "Cash Wage for Tipped Workers" "$2.13" from January 1, 2019 to June 30, 2019); $2.63 from July 1, 2019 to December 31, 2019; $3.13 beginning on January 1, 2020; and $4.13 beginning January 1, 2021).

26.     The minimum wage rates in New Jersey during the relevant time period is as follows:

| 2016 | $8.38/hr |
|------|----------|
| 2017 | $8.44/hr |

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs15.pdf (last visited Aug. 14, 2020).

| | |
|---|---|
| **2018** | **$8.60/hr** |
| **Jan. 1 to June 30, 2019** | **$8.60/hr** |
| **July 1, 2019** | **$10.00/hr** |
| **Jan. 1, 2020** | **$11.00/hr** |
| **Jan. 1, 2021** | **$12.00/hr** |

27.     As set forth in Fact Sheet #15, in order to claim a tip credit (and pay its employees less than the applicable minimum wage), "[t]he employer must provide the following information to a tipped employee before the employer may use the tip credit:  1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour; 2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25); 3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee; 4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and 5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions."

28.     According to Fact Sheet #15, "[t]he employer may provide oral or written notice to its tipped employees informing them of items 1-5 above.  An employer who fails to provide the required information cannot use the section 3(m) tip credit provisions and therefore must pay the tipped employee at least $7.25 per hour in wages and allow the tipped employee to keep all tips received."

29.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).  *See also* 29 C.F.R. 531.59(b) (setting forth the notice requirements and the tip credit).

30.     An employer bears the burden to show that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.  ***If an employer cannot demonstrate its compliance with this notification requirement, no tip credit can be taken and the employer is liable for the full applicable minimum wage.*** https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs15.pdf

31.     Employers who properly provide notice to their employees regarding their intention to take a tip credit, and who elect to actually take the tip credit must be able to show that tipped employees receive at least the minimum wage when

direct (or cash) wages and the tip credit amount are combined.  If an employee's tips combined with the employer's direct (or cash) wages of at least $2.13 per hour do not equal the applicable minimum wage, the employer must make up the difference.

32.     Plaintiff was not notified by Defendants that they intended to take a "tip credit," nor how much that amount would be.

33.     Accordingly, Defendants were, and are, ineligible to take the tip credit to satisfy their minimum wage obligations to its Tipped Employees.  As such, Defendants failed to pay the minimum wage required under New Jersey State Law to Plaintiff and the Class members.

34.     In addition, Defendants unlawfully paid less than the cash minimum wage ($2.13) in violation of federal and New Jersey State Law.  *See* N.J.A.C. 12:56-14.4(b) ("Cash wage standard" for "Employment in Food Service Occupations" – Subchapter 14 of the N.J.A.C.) ("Employers subject to the Fair Labor Standards Act must pay the Federal cash wage rate of $2.13 and must demonstrate that the balance of the . . . minimum wage required under State law is paid through gratuities in accordance with N.J.A.C. 12:56-4 and 12:56-8. Employers not subject to the Fair Labor Standards Act must demonstrate that the total wage, including cash and gratuities, equals the . . . minimum wage required under State law in accordance with N.J.A.C. 12:56-4 and 12:56-8.").

35.     As of January 1, 2020, New Jersey has since increased the cash

minimum wage to $3.13. https://www.nj.gov/labor/forms_pdfs/wagehour/minimumwage_postcard.pdf?_ga=2.267322632.786288512.1597428628-1549268700.1597428628 (last visited Aug. 14, 2020).

**Overtime Violations**

36.     In further violation of the FLSA and New Jersey State Law, Defendants have not paid the proper premium overtime compensation for hours worked in excess of 40 hours per work week.

37.     As the federal regulations make clear, overtime must be calculated at an employee's regular rate of pay.  29 C.F.R. § 778.5.  Thus, here, Tipped Employees' overtime rate must be calculated, at a minimum, at the applicable minimum wage rate per hour, which is the minimum hourly wage in New Jersey.

38.     Thus, overtime (or time and one-half) for Plaintiff and Tipped Employees should have been 1.5 times the applicable minimum wage rate (per hour) given that the tip credit is not available to Defendants for the reasons alleged herein.

39.     Defendants failed to pay Plaintiff and other Tipped Employees working in excess of forty hours per week the proper overtime hourly rate.

40.     Plaintiff and Tipped Employees regularly worked hours in excess of 40 hours in a work week.

41.     Due to Defendants' unlawful practices, Plaintiff and Tipped Employees have been deprived of the properly-calculated overtime compensation to which they

are entitled.

42.     Defendants have been unjustly enriched to the detriment of the Class Members by (i) paying Tipped Employees less than the mandated minimum wage while failing to comply with the requirements for doing so; and (ii) failing to pay Tipped Employees the proper premium overtime compensation for all hours worked in excess of forty in a work week.  Evidence generally reflecting the number of uncompensated hours worked by Plaintiff and Tipped Employees is in the possession of Defendants.

43.     While Plaintiff are unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery.  Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

45.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself, and on behalf of all other similarly situated individuals who are current and former employees of Phily Diner, since the date three years prior

to the filing of the Complaint who elect to opt-in to this action, which shall include:

> All current and former Tipped Employees who work or have worked for Defendants at any time three years prior to the filing of this action through the entry of judgment in this action, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Nationwide Collective").

46. In addition, Plaintiff also brings this action as a class action pursuant to Rule 23 on behalf of herself and the New Jersey Class for claims under the New Jersey State Law, which shall include:

> All current and former Tipped Employees who work or have worked for Defendants in the State of New Jersey at any time six years prior to the filing of this action through the entry of judgment in this action (the "New Jersey Class").

47. The claims brought pursuant to New Jersey State Law may be pursued by all similarly-situated persons who do not opt-out of the New Jersey Class pursuant to Rule 23.

48. Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (1) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law; (2) entitled to the cash minimum wage of $2.13/hr; (3) entitled to proper overtime pay for all hours worked in excess of forty hours in a work week; and (4) entitled to liquidated damages pursuant to the FLSA.

49.     Plaintiff alleges on behalf of the New Jersey Class that Defendants violated New Jersey State Law by: (1) failing to pay the cash minimum wage; (2) failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked; and (3) failing to pay Tipped Employees proper overtime for all hours worked in excess of forty hours in a work week.

50.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery in the possession of Defendants, upon information and belief, there are more than 40 members in each of the Classes, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

51.     Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

52.     The claims of Plaintiff are typical of the claims of the Classes they seek to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

53.     Common questions of law and fact exist as to the Classes that

predominate over any questions only affecting them individually and include, but are not limited to, the following:

        a.    Whether Defendants paid an hourly wage that was less than the required cash minimum wage of $2.13;

        b.    Whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint;

        c.    Whether Defendants have failed to pay minimum wages for each hour worked;

        d.    Whether Defendants has failed to pay appropriate overtime compensation to Plaintiff and the Class Members;

        e.    Whether Defendants made unlawful withholdings, diversions, or deductions from employees' wages;

        f.    Whether Plaintiff and Class Members are entitled to compensatory damages, and if so, the means of measuring such damages;

        g.    The proper measure of damages sustained by the Classes; and

        h.    Whether Defendants' actions were "willful."

54.    Plaintiff will fairly and adequately protect the interests of the Classes as their interests are aligned with those of the members of the Classes. Plaintiff has no interests adverse to the Classes they seek to represent and has retained competent

and experienced counsel.

55.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

56.     Plaintiff and the Classes Plaintiff seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

57.     Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of New Jersey State Law. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

**FIRST CLAIM FOR RELIEF**
**<u>FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS</u>**
**(On Behalf of the Nationwide Collective)**

58.     Plaintiff, on behalf of herself and the Nationwide Collective, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

59.    At all relevant times, Defendants have had gross revenues in excess of $500,000.00.  *See* https://www.manta.com/c/mm06lcx/phily-diner (last visited Aug. 14, 2020).

60.    At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the Nationwide Collective Members within the meaning of the FLSA.

62.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the applicable minimum wage, Defendants paid an hourly wage that was less than the minimum required cash wage of $2.13.

63.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the minimum wage in New Jersey, Defendants improperly claimed a tip credit and paid Plaintiff and Tipped Employees a wage below the tip credit wage.

64.    Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective and New Jersey Class, are entitled to

recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS
### (On Behalf of the Nationwide Collective)

66.    Plaintiff, on behalf of himself and the Nationwide Collective, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

67.    At all relevant times, Defendants have had gross revenues in excess of $500,000.00.  *See* https://www.manta.com/c/mm06lcx/phily-diner (last visited Aug. 14, 2020).

68.    At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69.    At all relevant times, Defendants have either employed, and/or continue to employ, Plaintiff and each of the Nationwide Collective Members within the meaning of the FLSA.

70.    At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of refusing to pay the proper premium

overtime compensation for all hours worked in excess of 40 hours per workweek.

71.    Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72.    Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective, are entitled to recover from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), as well as pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW JERSEY MINIMUM WAGE VIOLATIONS
### (On Behalf of the New Jersey Class)

73.    Plaintiff, on behalf of herself and the members of the New Jersey Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

74.    At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the New Jersey Class Members within the meaning of the New Jersey State Law.

75.    Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the applicable New Jersey minimum wage, Defendants improperly took a tip credit and paid Plaintiff and Tipped Employees at a rate well below New

Jersey's minimum wage.

76.     At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of failing to satisfy the notification requirements in order to claim the tip credit.

77.     As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiff and the members of the New Jersey Class less than the New Jersey minimum wage for all hours worked.

78.     In doing so, Defendants have violated New Jersey State Law, including but not limited to the New Jersey Wage Payment Law, amended in part by the Wage Theft Act, and corresponding New Jersey Code provisions by failing to "pay wages when due and as required by law" for six years prior to the date the claim for wages is filed.  N.J.S.A. 34:11-58.

79.     Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the New Jersey Class, are entitled to recover from Defendants the amount of unpaid minimum wages, liquidated damages, attorneys' fees and costs, as well as pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### <u>NEW JERSEY OVERTIME VIOLATIONS</u>
### (On Behalf of the New Jersey Class)

80.     Plaintiff, on behalf of herself and the members of the New Jersey Class, re-allege and incorporate by reference the paragraphs above as if they were set forth

again herein.

81.   At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the New Jersey Class Members within the meaning of the New Jersey State Law.

82.   At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per work week.

83.   New Jersey State Law provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1.5) times the regular rate of pay for an employee.  *See* N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-6.1.

84.   Defendants did not compensate Plaintiff and Tipped Employees premium overtime compensation in an amount at least equal to one and one-half times their regular rate for all hours worked in excess of forty in a workweek.

85.   Defendants have violated and, continue to violate, New Jersey State Law New Jersey State Law, including but not limited to the New Jersey Wage Payment Law, amended in part by the Wage Theft Act, and corresponding New Jersey Code provisions by failing to "pay wages when due and as required by law" for six years prior to the date the claim for wages is filed.  N.J.S.A. 34:11-58.

86.   Defendants have unlawfully withheld and/or diverted a portion of

Plaintiff's and the Tip Employees' wages (i.e. the difference between $1.94 and $2.13 per hour) in violation of New Jersey's Wage Payment Law, N.J.S.A. 34:11-4.4(a); *see also* N.J.A.C. 12:55-2.1(a).  Accordingly, this fundamental minimum cash wage violation is compounded as overtime was not properly calculated.

87.     Due to the Defendants' violations, Plaintiff, on behalf of herself and the New Jersey Class Members, are entitled to recover from Defendants the amount of unpaid overtime wages, liquidated damages, attorneys' fees and costs, as well as pre-judgment and post-judgment interest.

**FIFTH CLAIM FOR RELIEF**
**NEW JERSEY COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the New Jersey Class)**

88.     Plaintiff, on behalf of herself and the members of the New Jersey Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

89.     Plaintiff and the members of the New Jersey Class were employed by Defendants within the meaning of the New Jersey State Law.

90.     At all relevant times, Defendants had a willful policy and practice of denying Tipped Employees, including Plaintiff, their proper compensation.

91.     During the class period covered by this Complaint, Plaintiff and Tipped Employees were subjected to Defendants' unlawful policies and practices of failing to notify employees of the tip credit requirements; failing to pay the cash minimum

wage ($2.13/hr) as required by federal and New Jersey State Law; and/or failing to pay premium overtime compensation for hours worked in excess of forty in a workweek.

92. Defendants retained the benefits of its unlawful policies and practices from Plaintiff and Tipped Employees under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

93. Defendants were unjustly enriched by subjecting Plaintiff and Tipped Employees to such unlawful policies and practices.

94. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the members of the New Jersey Class have suffered injury and are entitled to reimbursement, restitution, and/or disgorgement from Defendants of the benefits conferred by Plaintiff and the New Jersey Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Nationwide Collective and members of the New Jersey Class, respectfully requests the Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Nationwide Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to

29 U.S.C. § 216(b);

B.    Designation of the action as a class action under Rule 23 on behalf of the New Jersey Class;

C.    Designation of Plaintiff as representative of the Nationwide Collective and the New Jersey Class;

D.    Designation of Plaintiff's counsel as class counsel for the Nationwide Collective and the New Jersey Class;

E.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New Jersey State Law and that Defendants' violations as described above are to be found willful;

F.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.    An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.    An award of unpaid overtime wages to Plaintiff and the members of the Classes;

I.    An award of liquidated damages to Plaintiff and members of the Classes;

J.     That Defendants be ordered and enjoined to pay restitution of unpaid wages and unlawfully retained tips to Plaintiff and the Classes due to Defendants' unlawful activities;

K.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

L.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the Complaint.

## CERTIFICATION

It is hereby certified that pursuant to L.Civ.R. 11.2, the matter in controversy is not presently the subject of any other action pending in any court or of an arbitration proceeding to date.

Dated:  January 25, 2021

/s/ *Charles J. Kocher*, Esq.
Matthew A. Luber, Esq.
NJ ID # 017302010
Charles J. Kocher, Esq.
NJ ID #016952004
mal@njlegal.com
cjk@njlegal.com
McOMBER McCOMBER & LUBER P.C.
39 E. Main Street
Marlton, NJ 08053
(856) 985-9800 Phone
(856) 263-2450 Fax

***Attorneys for Plaintiff and the Putative FLSA Collective/New Jersey Class***

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MICHELLE HALL, on behalf of herself, individually, and on behalf of all others similarly situated, | ) Civil No. _____ |
| | ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** |
| | ) |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| ADELPHIA THREE CORP. d/b/a/ PHILY DINER, PETRO KONTOS, WILLIAM BALIS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF CONSENT TO BECOME PARTY PLAINTIFF

I consent pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), to become a party plaintiff in the above-captioned action. I agree to be represented by McOmber McOmber & Luber, P.C. I understand that I will be bound by the judgment of the Court on all issues in this case, including the fairness of any settlement.

| Signature: *Michele Hall* | Phone Number: REDACTED |
|---|---|
| Date: Jan. 6th 2021 | Address: REDACTED   PINE HILL NJ. 08021 |
| Name (Print): Michele Hall | Email Address: REDACTED |

PLEASE RETURN TO:

Matthew A. Luber, Esq.
Charles J. Kocher, Esq.
McOMBER, McOMBER & LUBER, P.C.
39 E. Main Street
Marlton, NJ 08053
(856) 985-9800 Phone
(856) 263-2450 Fax
mal@njlegal.com
cjk@njlegal.com