UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHELLE HALL** *on behalf of herself, individually, and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**ADELPHIA THREE CORP.** *et al.*,<br><br>Defendants. | Civil Action<br>No. 21-01106<br><br>**OPINION** |

**Appearances:**
Tyler J. Burrell
Charles Joseph Kocher
MCOMBER MCOMBER & LUBER, P.C.
39 E. Main Street
Marlton, NJ 08053

    *On behalf of Plaintiff Michelle Hall.*

Joseph P. Grimes
JOSEPH P. GRIMES, ESQUIRE, LLC
810 Asbury Avenue
Suite 212
Ocean City, NJ 08226

    *On behalf of Defendants Adelphia Three Corp. d/b/a Phily Diner, Petro Kontos, and William Balis.*

**O'HEARN, District Judge.**

## INTRODUCTION

    This case comes before the Court on cross-motions for summary judgment filed by Plaintiff Michelle Hall on behalf of herself and the class, (ECF No. 39), and Defendants Adelphia Three Corporation, which does business as Phily Diner; William Balis; and Petro Kontos (collectively

"Defendants"), (ECF No. 40). The Court heard oral argument pursuant to Local Rule 78.1 on January 23, 2023. (ECF No. 60). For the reasons discussed below, the Court will **GRANT in part** Plaintiffs' Motion for Summary Judgment, (ECF No. 39), and **DENY** Defendants' Motion for Summary Judgment, (ECF No. 40).

### I. BACKGROUND

This is a hybrid class/collective action brought by Plaintiff Michelle Hall, on behalf of herself and other tipped employees at Phily Diner, alleging that Defendants deprived them of the applicable minimum wage and overtime pay by applying a "tip credit" without giving notice of same in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA"), New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, ("NJWHL"), and common law principles of unjust enrichment. (Compl., ECF No. 1).[1]

Plaintiff Hall filed her Complaint on January 25, 2021. (ECF No. 1). This Court granted conditional class certification for the collective action on the FLSA claims, (ECF No. 42), but Plaintiff Hall has not yet moved for final class certification. This Court granted class certification under Federal Rule of Civil Procedure 23 to the following class on January 27, 2023:

> All current and former individuals who worked as servers and/or bartenders at Defendant Adelphia Three Corp.'s restaurant facilities operating under the trade name of Phily Diner, located at 31 S. Black Horse Pike, Runnemede, New Jersey 08078 any time between January 25, 2015 and the present.

(Order Granting Class Certification, ECF No. 62). The factual discussion in the Court's prior Opinion granting class certification is incorporated herein by reference. (ECF No. 61).

---

[1] Plaintiffs' Complaint alleges both that Defendants failed to pay tipped employees the federal minimum required cash wage of $2.13 per hour and also that they unlawfully applied a "tip credit" against the wages paid to tipped employees. (Compl., ECF No. 1 ¶¶ 3–6). In their briefing of the cross-motions for summary judgment, however, Plaintiffs move exclusively for summary judgement based on theories of tip credit notice violations and unjust enrichment.

## II.  LEGAL STANDARD

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Baymont Franchise Sys. v. SB Hosp. Palm Springs, LLC*, No. 19-06954, 2022 WL 2063623, at *3 (D.N.J. June 8, 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The substantive law identifies what facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (citation omitted).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *See Pollock v. A.T. & T. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter," but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. The Court also will not "resolve factual disputes or make credibility determinations." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)). However, "[if] reasonable minds could differ as to the import of the evidence," summary judgment is not appropriate. *Anderson*, 477 U.S. at 250–51.

## III.  DISCUSSION

Plaintiffs now move for summary judgment on three claims: (1) minimum wage and overtime violations based on the failure to give tip credit notice under the FLSA; (2) minimum wage and overtime violations based on the failure to give tip credit notice under the NJWHL; and (3) unjust enrichment. For the reasons that follow, the Court will **GRANT in part** Plaintiffs'

Motion for Summary Judgment, (ECF No. 39), and **DENY** Defendants' Motion for Summary Judgment, (ECF No. 40).

### A. Applicable Statute of Limitations

Plaintiffs argue they have pled sufficient facts to trigger the three-year statute of limitations for their FLSA claims because Defendants' violations were willful, and that a six-year statute of limitations applies to all unjust enrichment claims. However, there is a dispute as to the issue of willfulness which precludes summary judgment. In addition, neither party addresses potential preemption of the unjust enrichment claim and, therefore, the Court will deny Plaintiffs' Motion as to this claim but grant Plaintiffs leave to re-file a motion as to the unjust enrichment claim supported by adequate briefing.

#### i. Willfulness Under the FLSA

Generally, the statute of limitations for minimum wage and overtime violations under the FLSA is two years. *See* 29 U.S.C. § 255(a). However, if an employee can establish that the employer violated the FLSA willfully, the statutory period is extended to three years. *See id.*; *see also McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135 (1988) ("The employee bears the burden of proof when alleging a violation is willful.").

"The Supreme Court defines 'willfulness' to include situations when the employer, at the time of its FLSA violation, either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *Richland Shoe*, 486 U.S. at 133). Negligence or a lack of knowledge about the FLSA are not sufficient. *Richland Shoe*, 486 U.S. at 135. "An employer willfully violates the [FLSA] if he should inquire as to whether his actions violate the [FLSA], but fails to do so," and, conversely, cannot be penalized when he "'acts unreasonably, but not recklessly, in determining

[his] legal obligation' under the Act." *Davila v. Menendez*, 717 F.3d 1179, 1184–85 (11th Cir. 2013) (quoting *Richland Shoe*, 486 U.S. at 135 n.13) (reversing grant of summary judgment where a reasonable jury could have found willfulness despite employers' representation of ignorance about the law because "they knew of the hourly wage laws, but failed to investigate whether they had complied with those laws," did not have an employment contract or track hours, and made threatening comments about plaintiff's immigration status); *see also Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019) (citing *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 617 (1993)) (finding that willfulness does not require a showing of egregiousness).

The Third Circuit has held that whether a violation is willful is "a question of fact," and, consequently, a court may take the question from the jury only "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Souryavong*, 872 F.3d at 126 (internal quotations and citations omitted).

Plaintiffs point to deposition testimony in which Defendants and their employees state that they were not aware of having ever adjusted a tipped employee's wages regardless of whether their tips sufficiently met minimum wage, and further did not train managers on how to give adequate tip credit notice to tipped employees. (Pla. Reply Br., ECF No. 50, at 11–12). Defendants respond with bare conclusory allegations that Plaintiffs' claims are barred by the statute of limitations—without even addressing willfulness—and cite no evidence or legal authority in support of that contention. (Def Br. in Opp., ECF No. 45-1 at 2–3).

Based on the Court's independent review of the record, there appears to be a fact question as to whether Defendants violated the tip credit notice provision willfully. Notably there is a conflict between the deposition testimony of Corporate Designee Defendant Petro Kontos and bookkeeper/office manager, Traci Bradford. Serving as the corporate designee pursuant to Federal

5

Rule of Civil Procedure 30(b)(6), Defendant Kontos testified that he had no knowledge of tip credit or the FLSA notice requirement and had never seen DOL Fact Sheet Number 15. (Kontos Dep., ECF No. 39-6 27:1–10)[2]; *see Wintjen v. Denny's, Inc.*, No. 19-00069, 2022 WL 3681707, at *2 (W.D. Pa. Aug. 25, 2022) ("At a minimum, distribution of [U.S. Department of Labor] Fact Sheet #15 to managers is sufficient to raise a triable issue as to whether Denny's 'recklessly disregarded' its tip credit notice obligations."). Ms. Bradford, on the other hand, had significantly more knowledge about the payroll process and testified as to her extensive knowledge of the tip credit, including that the tips an employee received plus the hourly rate must equal minimum wage. (Bradford Dep., ECF No. 39-3 50:25–51:24).[3] Yet, to Ms. Bradford's knowledge, Defendants had never adjusted any tipped employees pay regardless of whether their tips sufficiently met minimum wage. (Bradford Dep., ECF No. 39-3 93:3–6). Thus, there is a question of fact as to what

---

[2]  Q  Okay. Is it fair to say, you don't have much understanding about how the tip—what a tip credit is or how it's applied?
    A  Correct. Correct.

(Kontos Dep., ECF No. 39-6 27:1–10).

[3]  Q  I want to shift gears and talk about the concept of "tip credit." Are you familiar with that term?
    A  Yes.
    Q  What's your understanding of a "tip credit"?
    A  Tip credit is the amount of tips the server or—a tipped employee makes throughout the week, the day.
    Q  Okay. Do you have any other additional understanding of the term "tip credit" as it's used at Phily Diner?
    A  And that the amount of the tip credit and the hourly rate has to equal minimum wage.
    Q  And I know you've worked there for about 16 years plus, but what's the basis of your understanding of the tip credit and how it's used at Phily Diner?
    A  The basis is, to my understanding, it's all the cash tips and credit card tips that any of the tipped employees make on daily basis and it's calculated for the week and the amount of hours they work and the tipped credit amount, the earnings have to equal, you know, minimum wage.

(Bradford Dep., ECF No. 39-3 50:25–51:24).

Defendants actually knew about the tip credit requirements which must necessarily be resolved by a jury to determine if their failure to give tip credit notice was willful or merely ignorant. *See Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 WL 715316, at *2 (D.N.J. Mar. 5, 2012) (quoting *Antoine v. KPMG Corp.*, No. 08-6415, 2010 WL 147928, at *7 (D.N.J. Jan. 6, 2010)) ("An employer's awareness of possible violations of the FLSA, together with an 'indifference toward the requirements imposed' by the statute supports a finding of willfulness."); *Mitchell v. C & S Wholesale Grocers, Inc.*, No. 10-2354, 2010 WL 2735655, at *4 (D.N.J. July 8, 2010) (holding that plaintiff adequately alleged a willful FLSA violation where it pled that "[d]efendants *intentionally* mis-classified [p]laintiff's and others' employee status" (emphasis in original)). Neither party addresses this conflicting testimony and how it impacts summary judgment on the issue of willfulness.

Considering the conflicting testimony cited above, both Plaintiffs' and Defendants' Motions are denied as to the issue of willfulness.

### ii.  Unjust Enrichment Claim

Plaintiffs seek summary judgment on their claim for unjust enrichment which carries a six-year statute of limitations. (Compl., ECF No. 1-1 at 23–24). Defendants have not moved for summary judgment as to Plaintiffs' unjust enrichment claim and make no mention of it in their briefs.

To state a cognizable claim for common law unjust enrichment in New Jersey, a plaintiff must allege "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff[']s ascertainable loss." *Priano-Keyser v. Apple, Inc.*, No. 19-09162, 2019 WL 7288941, at *6 (D.N.J. Dec. 30, 2019) (quoting *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 333 (D.N.J. 2014)).

Plaintiffs assert that Defendants failed to pay them an adequate wage because they improperly took a tip credit despite never giving employees notice that they were doing so. (Compl., ECF No. 1-1 ¶¶ 88–94). As pled, this claim is merely duplicative of Plaintiffs' tip credit notice violations under the FLSA. This Court cannot identify any facts in Plaintiffs' Complaint or elsewhere in the record that would create an independent factual basis for an unjust enrichment claim, nor do Plaintiffs demonstrate the existence of any injury beyond that caused by the FLSA violation. In asserting this claim, Plaintiffs essentially invoke state common law to enforce rights already conferred under the FLSA. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 263 (3d Cir. 2012) (agreeing with the Fourth Circuit, which "sensibly declined to allow the plaintiffs to use state non-labor laws to enforce the substantive provisions of the FLSA"). This appears to be precisely the situation in which the FLSA preempts the state common law. *Ramirez v. Gromitsaris*, No. 13-2371, 2013 WL 2455966, at *1 (D.N.J. June 3, 2013) (collecting cases).[4]

However, neither party briefed the viability of this claim, which significantly impacts the recovery of the class. Counsel for Plaintiffs represented at argument that there was "no prohibition on having both [FLSA and common law unjust enrichment] claims proceed to a jury at the same time" and—while unable to cite such caselaw at that time—offered to provide supplemental briefing on the issue. (Tr., ECF No. 60 8:4–5). Thus, Plaintiffs' Motion is denied as to unjust enrichment and Plaintiffs are granted leave to re-file a motion as to this claim with adequate briefing including addressing the issue of preemption.

---

[4] This is true even where the statute of limitations is longer or the damages more generous than those permitted under the FLSA. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192–93, 196 (4th Cir. 2007) (finding contract, negligence, and fraud state common law claims preempted by the FLSA despite the fact that the "remedies . . . in some respects, are more generous than those provided in the FLSA enforcement scheme").

### B. Tip Credit Notice Under the FLSA

The FLSA establishes a minimum average hourly wage that an employer must pay to its employees. *See* 29 U.S.C. § 206(a). One exception to this general rule is that an employer may "reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips." *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994); 29 U.S.C. § 203(m). This is known as a "tip credit." *See id.* "The amount of the tip credit is the difference between the worker's wage per hour and the minimum wage pursuant to 29 U.S.C. § 206 of [$]7.25 per hour." *Acosta v. A.C.E. Rest. Grp., Inc.*, No. 15-7149, 2017 WL 2539387, at *3 (D.N.J. June 12, 2017).

Before employers may take a tip credit, however, they must inform employees of the provisions of § 203(m). 29 U.S.C. § 203(m)(2)(A). Specifically, the employer must inform the employee of

> [(1)] The amount of the cash wage that is to be paid to the tipped employee by the employer; ([2]) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, ([3]) which amount may not exceed the value of the tips actually received by the employee; ([4]) that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and ([5]) that the tip credit shall not apply to any employee who has not been informed of the requirements in this section.

29 C.F.R. § 531.59(b). This notice must be given "in advance of the employer's use of the tip credit." § 531.59(b). This "notice requirement is a firm one" and "[i]f the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage . . . ." *Reich*, 28 F.3d at 403–04.

Plaintiffs allege that Defendants failed to provide tipped employees with sufficient tip credit notice and point to an absence of evidence of written or oral notice in the record. (Pla. Moving Br., ECF No. 39-1, at 8). Defendants concede that they did not give tip credit notice but

9

contend that Plaintiffs' failure to show that they were at any time paid below the minimum cash wage of $2.13 precludes their claims. (Def. Br. in Opp., ECF No. 45-1 at 14–15). Defendants' framing of the FLSA claims is unpersuasive and legally incorrect as it would essentially eviscerate any claim for a tip credit notice violation unless there was a co-existing minimum wage or overtime violation, which is contrary to the FLSA provisions.

As a preliminary matter, Defendants concede that no tip credit notice was given, admitting paragraph 50 of Plaintiffs' statement of material facts: "[n]either Plaintiff nor any of the Tipped Employees were ever provided any tip credit notice from Phily Diner." (Pla. SOMF, ECF No. 39-12 ¶ 50; Def. Resp. to Pla. SOMF, ECF No. 45 ¶ 50). They further admit that they "did not provide written tip credit notice to Plaintiff [Hall] nor other tipped employees," that "no electronic document disseminated to the tipped employees . . . contains the information required under the FLSA . . . to take the tip credit," and that "Defendants did not provide Plaintiff nor any tipped employees with tip credit notice via oral communications." (Pla. SOMF, ECF No. 39-12 ¶¶ 47–49 Def. Resp. to Pla. SOMF, ECF No. 45 ¶¶ 47–49). Finally, Defendants admit that their employee handbook does not provide tip credit notice and that there were no posters displayed that provided adequate tip credit notice. (Pla. SOMF, ECF No. 39-12 ¶¶ 41, 43, 51; Def. Resp. to Pla. SOMF, ECF No. 45 ¶¶ 41, 43, 51).[5]

---

[5] Despite these admissions, Defendants make arguments in their opposition brief that Plaintiff Hall received sufficient tip credit notice "in the form of a pay stub with each check over a 10-year period totaling in excess of 500 pay stubs and pay checks." (Def. Br. in Opp., ECF No. 45-1 at 8). Defendants' counsel was unable to explain at argument how the paystubs provided the required notice and ultimately conceded they do not include the specific elements enumerated in 29 C.F.R. § 531.59(b). (Tr., ECF No. 60, 55:11–15). Thus, Defendants have waived this argument. However, even if the Court were to address this argument, a cursory review of the pay stubs reveals that they plainly do not contain the required tip credit notice. (Pla. Pay Stubs, ECF No. 40-2, Exh. 10).

Defendants nevertheless argue that Plaintiffs' claims are barred by the applicable statutes of limitations because Plaintiffs fail to show that they were paid below the minimum cash wage of $2.13 within the last two years.[6] Defendants' argument is misplaced and contrary to the express provisions of the FLSA. The fact that Defendants may have paid tipped employees the proper minimum cash wage of $2.13 does nothing to negate the failure to give tip credit notice and the statutory damages that result from such a violation.

The purpose of the tip credit is to allow employers to offset their minimum wage obligations. To accomplish that goal, the FLSA expressly considers and accounts for the fact that employers will pay the required minimum cash wage of $2.13. 29 C.F.R. § 531.59(a) ("In determining compliance with the wage payment requirements of the [FLSA], . . . the amount paid to a tipped employee by an employer is increased on account of tips by an amount equal to the formula set forth in the statute (minimum wage required by section 6(a)(1) of the [FLSA] *minus cash wage paid (at least $2.13))*" (emphasis added)). Thus, it cannot be, as Defendants argue, that the FLSA requires a wage violation of the minimum cash wage—i.e. below $2.13—to prevail on a tip credit notice claim. This interpretation is clear from the litany of cases awarding damages for

---

[6] Defendants argue, as a defense, that they are entitled to summary judgment because they properly applied a meal credit to the hourly wage and thus the cash wage paid never dropped below $2.13. The parties spill a great deal of ink debating whether Defendants in fact took a valid meal credit. However, the answer to this question is not relevant nor dispositive to the pending issues or claims. Even if Defendants took a valid meal credit, it does not negate liability for the tip credit notice violation because Defendants admit that they were not eligible for the tip credit they took— i.e. they did not give tip credit notice and paid tipped employees below minimum wage. Further, even if the Court were to address the meal credit argument, Defendants' application of the meal credit appears to violate the FLSA which states that no deduction can bring an employee below the minimum cash wage of $2.13. 29 C.F.R. § 531.50(a)(1) ("The cash wage paid . . . shall not be less than the cash wage required to be paid such an employee on August 20, 1996 [i.e., $2.13]"). Defendants have not pointed to any statutory authority or case law to support their argument that a meal credit deduction could allow them to pay below the required cash wage of $2.13. Regardless, the issue of the meal credit is a red herring.

the failure to give tip credit notice when an employee was nevertheless paid a cash wage of above $2.13. *See e.g., Casco v. Ponzios RD, Inc.*, No. 16-2084, 2019 WL 1650084, at *1 (D.N.J. Apr. 17, 2019) (granting summary judgment to Plaintiffs on a tip credit notice claim under the FLSA where Plaintiffs were paid $3.50 and $2.15 an hour because Defendant failed to give tip credit notice). It is well stated that, "the fact that Plaintiff's income may have exceeded the FLSA's minimum wage does not alleviate Defendants of their obligation to pay minimum wage if Defendants did not comply with § 203(m)(2)'s conditions." *Marquez v. Upstairs at Chef Vola, Inc.*, No. 20-14631, 2022 WL 2274471, at *12 (D.N.J. June 23, 2022).

Thus, the dispositive question is not whether Plaintiffs' hourly rate was above or below the cash minimum wage of $2.13, but whether Defendants gave the required tip credit notice in advance of taking a tip credit. Because they paid below the federal minimum wage of $7.25, Defendants were indisputably taking tip credit. Having not given the required notice, they are not entitled to that tip credit and are now liable for the full minimum wage. *Reich*, 28 F.3d at 403; *see* 29 C.F.R. § 531.59(b); 29 U.S.C.A. § 216(d).

For these reasons, the Court finds that there is no genuine issue of material fact that Defendants failed to comply with the tip credit notice requirement and, thus, "no tip credit can be taken and [Defendant] is liable for the full minimum-wage." *Reich*, 28 F.3d at 403. The Court therefore grants summary judgment to Plaintiffs on the tip credit notice claims under the FLSA (Claims I and II). (Compl., ECF No. 1 at 17–18).

### C. Tip Credit Notice Under the NJWHL

Plaintiffs also seek summary judgment for Defendants' failure to comply with the tip credit notice requirements in violation of the NJWHL. (Pla. Moving Br., ECF No. 39-1, at 16). At least one Court previously found that it was not clear that there is a viable claim for a tip credit notice

violation under the NJWHL. *See Casco*, 2019 WL 1650084, at *7 ("The parties also contest whether the above FLSA notification analysis applies equally to Plaintiffs' NJWHL claims. . . . At this time, the Court need not resolve whether and to what extent the FLSA and NJWHL are coextensive on the tip credit notification issue . . ."). However, New Jersey recently promulgated N.J.A.C. 12:56-3.5(q), which sets forth nearly identical tip credit notice requirements to that of the FLSA. N.J.A.C. 12:56-3.5(q) (effective August 3, 2020). No state or federal court has analyzed this newly adopted regulation. Because it appears that this Court will be the first to address this issue, it must strive to "predict how the New Jersey Supreme Court would resolve this case." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 244 (3d Cir. 2010) (citing *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 220 (3d Cir. 2008)). In doing so, this Court may "consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would resolve the issue at hand," *id.* at 244 (internal quotations and citation omitted), and treat decisions of the Appellate Division of the Superior Court of New Jersey as persuasive authority unless convinced that the Supreme Court of New Jersey would decide differently, *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 361 (3d Cir. 2007). For the reasons that follow, this Court finds that the New Jersey Supreme Court would conclude that an employee can assert a claim under the NJWHL for failure to give tip credit notice in the same manner as set forth under the FLSA.

### i. Interpreting the NJWHL

The Supreme Court of New Jersey's extensive discussions on the NJWHL and the FLSA provide meaningful guidance when interpreting the NJWHL.

First, the remedial purpose of the NJWHL is to protect employees, and the New Jersey Supreme Court has instructed courts to interpret it liberally to effectuate that purpose. *Hargrove v.*

13

*Sleepy's, LLC*, 106 A.3d 449 (N.J. 2015) ("The [NJ]WHL is designed to protect employees from unfair wages and excessive hours. The statute should be construed liberally to effectuate its purpose." (internal quotations and citations omitted)); *N.J. Dep't of Labor v. Pepsi–Cola Co.*, 784 A.2d 64, 66 (N.J 2001) ("The remedial purpose of the Wage and Hour Law dictates that it should be given a liberal construction.").

Second, the New Jersey Supreme Court considered the FLSA to have inspired the NJWHL. *Hargrove*, 106 A.3d at 463 ("We assume that the FLSA mandate for a federal minimum wage influenced the adoption in 1966 of the [NJ]WHL to protect workers not covered by FLSA.").

And third, the New Jersey Supreme Court has repeatedly stressed the similarity between the FLSA and the NJWHL. *Id.* ("Like FLSA, . . . [the] [NJ]WHL address[es] the most fundamental terms of the employment relationship . . . . Statutes addressing similar concerns should resolve similar issues . . . by the same standard." (citations omitted)). This is despite acknowledging that "[t]he state and federal statutes, however, are not identical, and New Jersey's wage-and-hour law has occasionally diverged from the federal wage-and-hour law in specific respects," including, for example, the test for employee status. *Branch v. Cream-O-Land Dairy*, 243 A.3d 633, 642 (N.J. 2021).

Thus, courts regularly interpret the FLSA and the NJWHL in parallel. *See, e.g.*, *Casco*, 2019 WL 1650084, at *7 (citing *Crisostomo v. Exclusive Detailing, Inc.*, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010)) ("As a general matter . . . the FLSA and the NJWHL are interpreted in parallel because the NJWHL is patterned on the FLSA."). Parallel construction has also led courts to recognize and imply causes of action under the NJWHL even when not expressly set forth therein. *See Thompson v. Real Est. Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 491 (D.N.J. 2015)

("The FLSA includes a right of action to recover withheld overtime payments; the principle of parallel construction suggests that the NJWHL be interpreted the same way.").

### ii.    Interpreting N.J.A.C. 12:56-3.5(q)

New Jersey Courts interpret regulations in the same manner that they interpret statutes—with the primary goal of determining the intent of the drafter. *US Bank, N.A. v. Hough*, 42 A.3d 870, 877 (N.J. 2012). To do so, courts first look to the language of the regulation to give the words their plain meaning. *Id.*; *see In re Civ. Commitment of W.W.*, 246 A.3d 219, 225 (N.J. 2021) ("[T]he best indicator of that intent is the plain language chosen by the [drafter].") (internal quotations and citations omitted). The Court "must construe the regulation as written" and cannot "engage in conjecture that will subvert its plain meaning." *Id.* (internal quotations and citation omitted). Only if the language is ambiguous may courts look to extrinsic evidence. *Id.* (citing *Bedford v. Riello*, 948 A.2d 1272, 1280 (N.J. 2008)).

The New Jersey Department of Labor and Workforce Development ("NJDOL") promulgated N.J.A.C. 12:56-3.5—adopted August 3, 2020—which contains the relevant section (q) discussing tip credit notice:

> (q) An employer is not eligible to take the tip credit set forth in (a) above, unless it has informed its tipped employees in advance of the employer's use of the tip credit of the following:
>
>    1. The amount of the cash wage that is to be paid to the tipped employee by the employer;
>
>    2. The amount of the tip credit, which will be claimed by the employer, which amount may not exceed the value of the tips actually received by the employee;
>
>    3. That all tips received by the tipped employee must be retained by the employee, except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and
>
>    4. That the tip credit shall not apply to any employee who has not been informed of the requirements of this section.

N.J.A.C. 12:56-3.5(q) is effectively a wholesale adoption of the FLSA's tip credit notification requirement set forth in 29 C.F.R. § 531.59(b).[7] To the extent that it is not clear that the regulation creates a cause of action, the Court looks to the rule proposal and response to public comment period. In the rule proposal, the NJDOL stated:

> It is the Department's belief that the proposed amendments and new rules would have a positive social impact in that they would clarify exactly what the State minimum hourly wage is for any particular year or type of employee, and specify exactly how and when the State minimum hourly wage rates will change and by what amount. This will allow workers to adjust their expectations as to what they will receive in pay for the type of work they perform and for employers to plan for increases in pay to workers.

52 N.J.R. 125(a).

At its adoption, there was no public comment as to section (q) relating to the tip credit notice. Rule Adoptions and Response to Comment, 52 N.J.R. 1562(a) (proposed Feb. 3, 2020). The New Jersey Restaurant Association ("NJRA") submitted a public comment objecting to some of the proposed sections but notably, not (q), relating to tip credit notice. Rule Adoptions and Response to Comment, 52 N.J.R. 1562(a) (proposed Feb. 3, 2020). Silence from the public and NJRA suggests that employers in New Jersey likely already considered the FLSA's tip credit

---

[7] FLSA tip credit notice requirements:

> [(1)] The amount of the cash wage that is to be paid to the tipped employee by the employer; ([2]) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, ([3]) which amount may not exceed the value of the tips actually received by the employee; ([4]) that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and ([5]) that the tip credit shall not apply to any employee who has not been informed of the requirements in this section.

29 C.F.R. § 531.59(b).

notice requirements applicable under the NJWHL or had no objection to its application to employees not subject to the FLSA.

### iii. New Jersey Courts

"The best predictor of what New Jersey courts would do is what they have done." *Thompson*, 106 F. Supp. at 492. The parties have not provided, nor has this Court's independent research revealed, any New Jersey cases analyzing this newly adopted regulation related to the employer's obligation to provide tip credit notice or addressing the potential for any such claim prior to the adoption of the regulation. On the other hand, this Court is not aware of any case declining to recognize the same either before or after the adoption of the regulation.

\* \* \* \* \* \*

For all these reasons, this Court concludes that it is likely that the New Jersey Supreme Court would recognize a claim for a violation of the NJWHL for failure to give tip credit notice in the same manner as set forth under the FLSA. The Court is persuaded by the almost wholesale adoption of the FLSA language requiring tip credit notice that this was the NJDOL's intent.

This Court's analysis does not end there because the next question is what remedy is available to an employee who establishes an employer's violation of the NJWHL tip credit notice requirements. Plaintiffs have not pointed to, nor has this Court's independent research revealed, any expressed indication that the NJDOL intended to adopt the remedy provided for a tip credit notice violation in the same manner as the FLSA. Defendants' brief is equally lacking in analysis on this issue. The remedies available under the FLSA are separately prescribed by statute, *see* 29 U.S.C.A. § 216(b), and neither party has addressed whether there is a parallel application to the NJWHL. At this point, it is far from clear to the Court that the NJDOL, empowered by the New Jersey Legislature, intended to adopt the sweeping remedy provided by the FLSA. Nevertheless,

given the insufficient briefing by both parties, the Court will order the parties to provide supplemental briefing on this issue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT in part** Plaintiffs' Motion for Summary Judgment, (ECF No. 39), and **DENY** Defendants' Motion for Summary Judgment, (ECF No. 40).

Plaintiffs' Motion for Summary Judgment is **GRANTED,** and Defendants' Motion for Summary Judgment is **DENIED**, as to the FLSA tip credit notice claims, (Counts I and II).

Plaintiffs' and Defendants' Motions for Summary Judgment are **DENIED without prejudice** as to the NJWHL tip credit notice claims, (Counts III and IV). Plaintiffs shall provide supplemental briefing on this issue—not to exceed ten pages—by February 22, 2023, to which Defendants shall reply—not to exceed ten pages—by March 15, 2023.

Plaintiffs' and Defendants' Motions for Summary Judgment as to the willfulness of the violations of the FLSA are **DENIED**.

Plaintiffs' Motion for Summary Judgment is **DENIED** as to the claim for unjust enrichment. Plaintiffs are granted leave to re-file a motion as to this claim only with sufficient briefing addressing the issues raised in this Opinion by February 22, 2023, to which Defendants shall reply by March 15, 2023.

An appropriate Order will be entered.

*Christine P. O'Hearn*

**Christine P. O'Hearn**
**United States District Judge**