## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE HALL, on behalf of herself, individually and on behalf of all similarly situated individuals, | Civil No. 1:21-cv-01106-CPO-SAK |
| *Plaintiffs*, | Jury Trial Demanded |
| v. | |
| ADELPHIA THREE CORP. d/b/a/ PHILY DINER, PETRO KONTOS, WILLIAM BALIS, | |
| *Defendants.* | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**TABLE OF CONTENTS**

I.   Introduction ..................................................................................................1

II.  Argument ....................................................................................................2

    A.   In the Absence of Tip Credit Eligibility, New Jersey Law Provides the Same Remedy as the FLSA:  the Difference Between the Wages Actually Paid and the Applicable State Minimum Wage Without Offset for Tips Received..............................2

    B.   Plaintiffs' Class Claims for Unjust Enrichment Under New Jersey law Remain Viable for Trial, as They are not Preempted by the FLSA and its Regulations...........................................................7

    C.   The Remaining Adjudication of Merits and Damages of All Class Claims ...................................................................................9

III. Conclusion ..................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Abarca v. KC Consulting Grp., Inc.*,
    No. 16-213, 2018 U.S. Dist. LEXIS 81201 (D.N.J. May 14, 2018) ................3, 6

*Anderson v. Sara Lee Corp.*,
    508 F.3d 181 (4th Cir. 2007) ..................................................................................7

*Benavidez v. Plaza Mex., Inc.*,
    No. 09 Civ. 5076, 2014 U.S. Dist. LEXIS 38627 (S.D.N.Y. Mar.
    21, 2014) ................................................................................................................4

*Benavidez v. Plaza Mexico, Inc.*,
    2012 U.S. Dist. LEXIS 19206 (S.D.N.Y. Feb. 14, 2012) ................................4, 5

*Branch v. Cream-O-Land Dairy*,
    244 N.J. 567, 243 A.3d 633 (2021) .......................................................................6

*Casco v. Ponzios RD, Inc.*,
    2021 U.S. Dist. LEXIS 43667 (D.N.J. Mar. 9, 2021) ...........................................6

*Casco v. Ponzios RD, Inc.*,
    No. CV 16-2084 (RBK/JS), 2019 U.S. Dist. LEXIS 65320, 2019
    WL 1650084 (D.N.J. Apr. 17, 2019)..................................................................5

*Chen v. Century Buffet & Rest.*,
    No. 09-1687, 2012 U.S. Dist. LEXIS 4214 (D.N.J. Jan. 12, 2012) .....................5

*Crisostomo v. Exclusive Detailing, Inc.*,
    2010 U.S. Dist. LEXIS 64022, 2010 WL 2640183 (D.N.J. June 28,
    2010) ..................................................................................................................4, 5

*Doe v. Banc, Jack & Joe LLC*,
    No. 17-cv-03843 (KSH) (CLW), 2020 U.S. Dist. LEXIS 95129
    (D.N.J. June 1, 2020) ............................................................................................3

*Federman v. Bank of Am.*,
    N.A., Civil Action No. 14-0441, 2014 U.S. Dist. LEXIS 175565, at
    *35, 44 (D.N.J. Dec. 16, 2014) ............................................................................7

*Garcia v. Freedom Mortg. Corp.*,
  790 F.Supp.2d 283 (D. N.J. 2011) ......................................................................... 6

*Knepper v. Rite Aid Corp.*,
  675 F.3d 249 (3d Cir. 2012) .................................................................................. 7

*Ortiz v. Paramo*,
  No. 06-cv-3062, 2008 U.S. Dist. LEXIS 72387, 2008 WL 4378373
  (D.N.J. Sept. 19, 2008) .......................................................................................... 6

*Reich v. Chez Robert, Inc.*,
  28 F.3d 401 (3d Cir. 1994) ................................................................................ 5, 6

*Saiyed v. Archon, Inc.*,
  No. 16-9530, 2020 U.S. Dist. LEXIS 234234 (D. N.J. Dec. 14,
  2020) ...................................................................................................................... 5

*Snyder v. Dietz & Watson, Inc.*,
  837 F. Supp. 2d 428 (D. N.J. 2011) ...................................................................... 6

*Underwood v. Kohl's Dep't Stores, Inc.*,
  No. 15-730, 2019 U.S. Dist. LEXIS 24084 (E.D. Pa. Feb. 14,
  2019) (Beetlestone, J.) ........................................................................................... 8

*Verma v. 3001 Castor, Inc.*,
  937 F.3d 221 (3d Cir. 2019) .......................................................................... 1, 7, 8

*Zajac v. Ramsey Office Court*,
  2020 N.J. Super. Unpub. LEXIS 2273 (Super. Ct. App. Div. Nov.
  19, 2020) ................................................................................................................ 2

**Statutes**

Fair Labor Standards Act ............................................................................... *passim*

New Jersey Wage and Hour Law .................................................................... *passim*

New Jersey Wage Theft Act ........................................................................ 1, 5, 6

**Regulations**

N.J.A.C. 12:56-3.5(c) ........................................................................................... 3

N.J.A.C. 12:56-3.5(f) ............................................................................................ 3

N.J.A.C. 12:56-3.5(q)...........................................................................................................5

N.J.A.C. 12:56-8.4(b)...........................................................................................................3

N.J.A.C. 12:56-14.2 .............................................................................................................3

**Rules**

Federal Rule of Civil Procedure 23(b)(3) .............................................................................3, 9

I.  **INTRODUCTION**

This Court has ruled, and the Defendants have conceded, that they are ineligible to take the tip credit because they failed to provide tip credit notice required under both state and federal law. In the absence of such eligibility, the remedy under New Jersey is straightforward: the difference between the wages actually paid and the applicable New Jersey wage without offset for tips received such that they receive the "full amount" of the minimum wage. This is settled law as codified by the New Jersey Wage and Hour Law ("NJWHL") and its implementing regulations. Defendants present no legal basis otherwise. The New Jersey Wage Theft Act amended the statutory period for these minimum wage violations to six years, running from at least from August 6, 2019 until the entry of judgment. Like the FLSA, New Jersey wage laws must be interpreted broadly to give remedial relief.

Plaintiffs' unjust enrichment claims remain viable. Defendants offer no legal challenge to the unjust enrichment claims of Plaintiffs and the certified Class. Preemption is no bar to such claims according to controlling Third Circuit precedent in *Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3d Cir. 2019). Accordingly, the claims for unjust enrichment since January 25, 2015 must proceed to trial.

## II.   ARGUMENT

### A.   In the Absence of Tip Credit Eligibility, New Jersey Law Provides the Same Remedy as the FLSA:  the Difference Between the Wages Actually Paid and the Applicable State Minimum Wage Without Offset for Tips Received

The questions presented by the Court are "what remedy is available to an employee who establishes an employer's violation of the NJWHL tip credit notice requirements" and if New Jersey "intended to adopt the remedy provided for a tip credit notice violation in the same manner as the FLSA." ECF No. 64 at 17. The answer to both questions is yes. The remedy is provided by New Jersey statute and implementing regulations, as set forth below. Defendants present no legal basis for a different conclusion.

*First*, the remedy under New Jersey law is the same as the FLSA; there is no legal basis for the offsetting any tips received. In the absence of any tip credit eligibility, the NJWHL articulates the remedy: a straight wage calculation without offset for tips. "[I]f an employer pays an employee less than the minimum fair wage to which they are entitled under the NJWHL, 'the employee may recover in a civil action the full amount of such minimum wage less any amount actually paid to him or her by the employer' together with costs and such reasonable attorney's fees as determined by the court." *Zajac v. Ramsey Office Court,* 2020 N.J. Super. Unpub. LEXIS 2273, at *7 (Super. Ct. App. Div. Nov. 19, 2020) (quoting N.J.S.A. 34:11-56a25).

2

*Second*, the regulations mirror the statutory framework. "With respect to tipped employees for whom the employer does not take the tip credit set forth in (a) above, the employer must pay the employee a cash wage equal to the *full amount* of the minimum hourly wage." N.J.A.C. 12:56-3.5(c) (emphasis added). Restaurant workers are entitled to receive the full minimum wage. N.J.A.C. 12:56-14.2 ("Employees including those under 18 years of age employed at restaurant occupations shall be paid a minimum wage rate as provided in 12:56-3.1.").

Neither the NJWHL nor the regulations contain any language permitting an offset for tips received, which are exclusively the property of a tipped employee. N.J.A.C. 12:56-8.4(b); N.J.A.C. 12:56-3.5(f). Defendants offer no legal basis to offset the minimum wage requirement with the retained tips.

*Third*, courts have interpreted the damages analysis under the FLSA and NJWHL to be the same in cases certifying both an FLSA Collective and a Rule 23(b)(3) New Jersey state law class. *See Doe v. Banc, Jack & Joe LLC,* No. 17-cv-03843 (KSH) (CLW), 2020 U.S. Dist. LEXIS 95129, at *40 (D.N.J. June 1, 2020) (analyzing both FLSA and NJWHL for a hybrid class action and aptly surmising "[r]emoving the tip credit from the damages calculation leaves a fairly simple analysis: hours worked, which can be gathered from defendants' records, multiplied by the applicable minimum wage."); *Abarca v. KC Consulting Grp., Inc.,* No. 16-213, 2018 U.S. Dist. LEXIS 81201, at *10 (D.N.J. May 14, 2018) ("The NJWHL

mirrors its federal counterpart."); *Crisostomo v. Exclusive Detailing, Inc.*, 2010 U.S. Dist. LEXIS 64022, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable"); *see also Benavidez v. Plaza Mexico, Inc.*, 2012 U.S. Dist. LEXIS 19206, at *18 (S.D.N.Y. Feb. 14, 2012) (involving wage and overtime class action under federal and state law including New Jersey and concluding "Plaintiffs are entitled to damages consisting of the difference between the full FLSA minimum wage rate and the reduced hourly wage they were paid because of the tip credit, or ***the difference between the full minimum wage rate that applied in the state in which they worked (New York or New Jersey) and the reduced hourly wage they were paid because of the tip credit.***") (emphasis added).[1] As demonstrated by the damage model approved by the *Benavidez* Court, retained tips were not used as an offset to the defendants' minimum wage requirement, and the New Jersey applicable minimum wage was used rather than the FLSA rate, as set forth below:

---

[1] The *Benavidez* Court later granted default judgment. *Benavidez v. Plaza Mex., Inc.*, No. 09 Civ. 5076, 2014 U.S. Dist. LEXIS 38627, *42 (S.D.N.Y. Mar. 21, 2014) (granting default judgment, including for violations of N.J.S.A. 34:11-56a4, where it was demonstrated that the plaintiffs are entitled to full minimum wage, "because the defendants did not provide notices to the plaintiffs about the tip credit rate, as required by law").

4

Case 1:09-cv-05076-KNF   Document 139-6   Filed 11/30/12   Page 7 of 9
Exhibit 5

| Marrleni Garcia for Unpaid Wages and Overtime in NJ |
|---|---|---|---|---|---|---|---|---|---|
| Period Start | Period End | Total Hours/Week | Straight Hours/Week | Overtime Hours/Week | Minimum Wage | Overtime Rate | Amount Paid | Total Earnings | Total Earnings, Less Amount Paid | Time Off |
| 01/01/07 | 01/07/07 | 77 | 40 | 37 | $7.15 | $10.73 | $334 | $682.83 | $348.83 | No |
| 01/08/07 | 01/14/07 | 77 | 40 | 37 | $7.15 | $10.73 | $334 | $682.83 | $348.83 | No |
| 01/15/07 | 01/21/07 | 77 | 40 | 37 | $7.15 | $10.73 | $334 | $682.83 | $348.83 | No |

*Id.* ECF No. 139-6 (highlight added). Notably, the remedy in *Benavidez* was approved **before** the August 3, 2020 adoption of N.J.A.C. 12:56-3.5(q). This recent New Jersey Administrative Code adoption merely confirmed that the tip credit notification provisions apply regardless of whether an employer is subject to the FLSA. In the absence of tip credit eligibility, the damages simply remain the full minimum wage liability under New Jersey law. And the New Jersey Wage Theft Act expanded the statute of limitations for such minimum wage violations to six years, which has been interpreted to run prospectively from August 6, 2019.

*Finally*, using tips received to offset a defendant's liability undermines the tip credit notice requirement codified in federal and New Jersey law, which should be interpreted in the same broad and remedial manner.[2] *See Reich v. Chez Robert, Inc.*,

---

[2] *See Saiyed v. Archon, Inc.*, No. 16-9530, 2020 U.S. Dist. LEXIS 234234, at *13 (D. N.J. Dec. 14, 2020) (holding that because NJWHL is analogous to FLSA – "NJWHL mirrors its federal counterpart." – the court would "consider[] Plaintiff's FLSA and NJWHL claims together"); *Casco v. Ponzios RD, Inc.*, No. CV 16-2084 (RBK/JS), 2019 U.S. Dist. LEXIS 65320, 2019 WL 1650084, (D.N.J. Apr. 17, 2019); *Crisostomo v. Exclusive Detailing, Inc.*, 2010 U.S. Dist. LEXIS 64022, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (noting that the NJWHL is analogous to the FLSA and that "interpretations construing FLSA are applicable" to the NJWHL); *Chen v. Century Buffet & Rest.*, No. 09-1687, 2012 U.S. Dist. LEXIS 4214 (D.N.J.

5

28 F.3d 401, 404 (3d Cir. 1994) ([If equitably reducing damages based on earned tips], "the district courts would effectively have discretion to waive the notice requirement in the interests of perceived fairness to the employer"); *Casco v. Ponzios RD, Inc.*, 2021 U.S. Dist. LEXIS 43667, at *12 (D.N.J. Mar. 9, 2021) (citing *Branch v. Cream-O-Land Dairy*, 244 N.J. 567, 583, 243 A.3d 633 (2021)) ("Given the NJWHL's remedial purpose, courts have construed it broadly.").

Here, since Defendants conceded they did not provide tip credit notice[3] they are ineligible to take advantage of any tip credit. Thus, they must pay Tipped Employees the *full* applicable New Jersey minimum wage the entire class period as established by the NJWHL as amended by the New Jersey Wage Theft Act.

---

Jan. 12, 2012) (granting summary judgment under FLSA and NJWHL for tip credit notification violations, after holding that "NJWHL . . . minimum wage requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations"); *Garcia v. Freedom Mortg. Corp.*, 790 F.Supp.2d 283, 288, fn. 7 (D. N.J. 2011) ("The NJWHL is patterned after the FLSA, and New Jersey courts look to the FLSA regulations for guidance"); *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 452 (D. N.J. 2011) ("The Court's analysis with respect to Plaintiff's claim under New Jersey's Minimum Wage Act, is identical to Plaintiff's claim under the FLSA."); *Ortiz v. Paramo*, No. 06-cv-3062, 2008 U.S. Dist. LEXIS 72387, 2008 WL 4378373, at *4 (D.N.J. Sept. 19, 2008) ("The Court applies the same analysis to the FLSA claims and the NJWHL claims.") Plaintiffs recognize that they cannot seek a double recovery under both federal and New Jersey law. *See Abarca*, 2018 U.S. Dist. LEXIS 81201, at *10.

[3] As the Court has recognized, "Defendants concede that no tip credit notice was given …." ECF No. 64 at 10; *id.* at 12 ("the Court finds that there no genuine issue of material fact that Defendants failed to comply with the tip credit notice requirement and, thus, 'no tip credit can be taken and [Defendant] is liable for the full minimum-wage.'" (*citing Reich*, 28 F.3d at 403).

### B. Plaintiffs' Class Claims for Unjust Enrichment Under New Jersey law Remain Viable for Trial, as They are not Preempted by the FLSA and its Regulations

In 2019, the Third Circuit squarely rejected the "underwhelm[ing]" argument that class claims for unjust enrichment under state law are preempted by the FLSA and its implementing regulations. *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 232-233 (3d Cir. 2019). The *Verma* Court cited *Knepper v. Rite Aid Corp.* to reaffirm the "congressional intent ***not to*** preempt state standards." *Id.* at 232 (citing *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2012)) (emphasis added). While Defendants never raised the preemption argument in their Motion for Summary Judgement [sic] Dismissing Plaintiff's Complaint With Prejudice (ECF No. 40-1 at 7), that argument must be rejected as a matter of controlling law. The Fourth Circuit's decision in *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007) is inapposite as it was not cited in *Verma*, nor are Plaintiffs aware of any court in the Third Circuit citing *Anderson* for the proposition that class claims for unjust enrichment under state law are preempted by the FLSA regime. The Third Circuit has not cited *Anderson* in the last decade since *Knepper*. *Verma* controls here. Accordingly, Plaintiffs' unjust enrichment claims are not preempted.

Other courts have allowed unjust enrichment claims under New Jersey law to proceed along with claims under the FLSA and NJWHL. *See Federman v. Bank of Am.*, N.A., Civil Action No. 14-0441, 2014 U.S. Dist. LEXIS 175565, at *35, 44

(D.N.J. Dec. 16, 2014) (involving overlapping classes, subclasses and FLSA Collective brought under unjust enrichment, NJWHL, and FLSA and dismissing unjust enrichment claims on standing grounds for all states *except* New Jersey while allowing NJWHL and FLSA claims to proceed).

Although this Court ruled that "Plaintiff's Motion for Summary Judgment is **DENIED** as to the claim for unjust enrichment," there is no motion for summary judgment for Plaintiffs to "re-file." ECF No. 64 at 18. This is because Plaintiffs never moved for summary judgment on their unjust enrichment claim. Plaintiffs only moved on two issues (1) Defendants' failure to provide tip credit notice; and (2) their purported meal credit defense. ECF Nos. 39-1, 39-13. Accordingly, in the absence of any challenge from Defendants,[4] Plaintiffs' class claims for unjust enrichment shall remain viable from January 25, 2015 until the date of judgment and shall proceed to trial on all claims. This Court's Opinion and Order granting class certification remains unaffected. ECF Nos. 61-62.

The undisputed six-year statute of limitations period for the unjust enrichment claims remains the applicable period. A trial (bench or jury) is required for the unjust enrichment claims. *See Verma*, 937 F.3d at 226, 233 (sustaining jury verdict on class claims for unjust enrichment under state law); *Underwood v. Kohl's Dep't Stores,*

---

[4] "Defendants have not moved for summary judgment as to Plaintiffs' unjust enrichment claim and make no mention of it in their briefs." ECF No. 64 at 7.

*Inc.*, No. 15-730, 2019 U.S. Dist. LEXIS 24084, at *2 (E.D. Pa. Feb. 14, 2019) (Beetlestone, J.) (denying motion to strike jury demand for unjust enrichment claim).

### C. The Remaining Adjudication of Merits and Damages of All Class Claims

Plaintiffs respectfully request a case management conference to discuss the mechanism for the ultimate determination of merits for the unjust enrichment claims, i.e. bench or jury trial – as well as a proof hearing on the class-wide damages for the Rule 23(b)(3) New Jersey statutory wage claims and overlapping FLSA claims.

### III. CONCLUSION

For all the foregoing reasons, this Court should grant summary judgment in favor of Plaintiffs and the Class on their NJWHL tip credit notice claims and confirm the established remedy under New Jersey law: a straight wage calculation since August 6, 2019 until the time of judgment without offset for any tips received. This Court should leave the six-year class period undisturbed for the unjust enrichment class claims that remain viable, as they are not preempted by the FLSA under controlling Third Circuit precedent.

Dated: February 17, 2023   Respectfully submitted,

**McOMBER McOMBER & LUBER P.C.**

*/s/ Charles J. Kocher*
Charles J. Kocher, Esq. (NJ ID 016952004)
Matthew A. Luber, Esq. (NJ ID 017302010)
Tyler J. Burrell, Esq. (NJ ID 377942021)
39 E. Main Street

9

Marlton, NJ 08053
(856) 985-9800 Phone
(856) 263-2450 Fax

*Attorneys for Plaintiff and the New Jersey Rule 23(b)(3) Class/FLSA Collective*

## CERTIFICATE OF SERVICE

On February 17, 2023, I hereby certify that I caused a true and correct copy of the foregoing to counsel for Defendants via ECF/electronic mail.

*/s/ Charles J. Kocher, Esq.*
Charles J. Kocher, Esq.