# THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE HALL, on behalf of herself, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiffs,*<br><br>   v.<br><br>ADELPHIA THREE CORP. d/b/a/ PHILY DINER, PETRO KONTOS, WILLIAM BALIS,<br><br>     *Defendants.* | Civil No. 1:21-cv-01106-CPO-SAK |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL, ATTORNEYS' FEES AND EXPENSES, SERVICE AWARD, AND SETTLEMENT ADMINISTRATION COSTS

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................1

II.     BACKGROUND ..............................................................................................2

    A.   Plaintiffs' Claims ...................................................................................2

    B.   Procedural History of the Settlement ....................................................3

    C.   The Class & Notice .................................................................................4

    D.   The Settlement Agreement & Terms .....................................................5

        1.   The Settlement Class/Collective Definition ................................5

        2.   The Monetary Payments .............................................................5

        3.   The Release ................................................................................7

III.    ARGUMENT....................................................................................................8

    A.   Final Approval of the Settlement is Warranted Because it is Fair,
         Reasonable, and Adequate .....................................................................8

        1.   Rule 23(e)(2)(A): Whether Plaintiff and class counsel "have
             adequately represented the class" .............................................11

        2.   Rule 23(e)(2)(B): Whether the settlement "was negotiated
             at arm's length".........................................................................12

        3.   Rule 23(e)(2)(C)(i): Whether the relief "is adequate, taking
             into account the costs, risks, and delay of trial and appeal".....13

        4.   Rule 23(e)(2)(C)(ii) – Effectiveness of the "proposed
             method of distributing relief" and "the method of
             processing class-member claims"...............................................14

        5.   Rule 23(e)(2)(C)(iii) – The terms and timing of any
             proposed attorney's fee award ..................................................16

        6.   Rule 23(e)(2)(C)(iv): Other agreements Under Rule
             23(e)(3)......................................................................................16

        7.   Rule 23(e)(2)(D): Whether the settlement treats class
             members equitably relative to each other ..................................17

        8.   *Girsh* Factor 1: Complexity, Expense, and Likely Duration
             of the Litigation.........................................................................17

        9.   *Girsh* Factor 2: Reaction of the Class to the Settlement...........18

        10.  *Girsh* Factor 3: Stage of the Proceedings and Discovery
             Completed ................................................................................19

11. *Girsh* Factors 4 and 5: Risk of Establishing Liability and Proving Damages ......................................................................20

12. *Girsh* Factor 6: Maintaining the Class Through Trial .............21

13. *Girsh* Factor 7: Ability of Defendant to Withstand a Greater Judgment ..................................................................................22

14. *Girsh* Factors 8 and 9: The Range of Reasonableness of the Settlement Fund in Light of Best Possible Recovery and Risks of Litigation....................................................................23

15. *Prudential* Factor 1: Maturity of Underlying Substantive Issue............................................................................................25

16. *Prudential* Factor 2: Claims by Other Classes ........................26

17. *Prudential* Factor 3: Comparison Between the Results Achieved for Individual Class Members and Results Achieved (or Likely to be) for the Other Claimants.................26

18. *Prudential* Factor 4: Whether Class Members are Accorded the Right to opt out of the Settlement .......................................27

19. *Prudential* Factor 5: Whether any Provisions for Attorney's Fees are Reasonable ..................................................................27

20. *Prudential* Factor 6: Whether the Procedure for Processing Individual Claims is Fair and Reasonable ................................27

21. *Baby Products* Factor: Degree of Direct Benefit Provided to the Class ...................................................................................28

B.   The FLSA Collective Action...............................................................28

1.   Final Collective "Certification" .................................................28

2.   The FLSA Settlement Should Be Approved..............................30

i     Bona Fide Dispute ..........................................................31

ii    Settlement is Fair and Reasonable..................................32

iii   Settlement Does Not Frustrate the FLSA's Purpose ......32

C.   The Requested Service Award Warrants Final Approval ...................33

D.   The Requested Attorneys' Fees of $300,000 Warrant Approval........34

1.   The "Percentage of the Fund" Method Favors Approval .........34

2.   The *Gunter/Prudential* Factors Favor Approval .....................35

     Gunter Factor 1: The Size of the Fund Created and Persons

Benefitted ................................................................................35

Gunter Factor 2: The Absence of Substantial Objections ........36

Gunter Factor 3: The Skill and Efficiency of the Attorneys.....36

Gunter Factor 4: The Complexity and Duration of the
Litigation ...............................................................................36

Gunter Factor 5: The Risk of Nonpayment .............................36

Gunter Factor 6: The Amount of Time Devoted to Case .........37

Gunter Factor 7: The Awards in Similar Cases .......................37

Prudential Factor 1: Value of Benefits Attributable to Class
Counsel...................................................................................37

Prudential Factor 2: Percentage of Fee had the Case Been
Subject to a  Private Contingent Fee Agreement......................37

Prudential Factor 3: Innovative Terms of Settlement...............37

3.      The Lodestar Crosscheck Favors Approval..............................38

IV.    CONCLUSION..............................................................................40

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re AT&T Corp. Securities Litig.*,
    455 F.3d 160 (3d Cir. 2006) .........................................................................34, 35

*Atis v. Freedom Mortgage Corp.*,
    2018 WL 5801544 (D.N.J. Nov. 6, 2018) (Kugler, J.)......................................20

*In re Baby Prods. Antitrust Litig.*,
    708 F.3d 163 (3d Cir. 2013) .............................................................11, 13, 28

*Barenbaum v. Hayt, Hayt & Landau, LLC*,
    2021 U.S. Dist. LEXIS 6854 (E.D. Pa. Jan. 13, 2021).....................................27

*Bell Atl. Corp. v. Bolger*,
    2 F.3d 1304 (3d Cir. 1993) .............................................................................20

*Beltran v. SOS Ltd.*,
    No. 21-7454 (RBK/EAP), 2023 U.S. Dist. LEXIS 9971 (D.N.J.
    Jan. 3, 2023)....................................................................................................28

*Beuregard v. Hunter*,
    2019 U.S. Dist. Lexis 23233 (D.N.J. Sept. 27, 2019) ......................................16

*Bradburn Parent Teacher Store, Inc. v. 3M*,
    513 F. Supp. 2d 322 (E.D. Pa. 2007)................................................................18

*Bredbenner v. Liberty Travel, Inc.*,
    Civil Action No. 09-905, 2011 U.S. Dist. LEXIS 38663 (D.N.J.
    Apr. 8, 2011).............................................................................................20, 29

*Bristow v. Caritas*,
    2023 U.S. Dist. LEXIS 92193 (E.D. Pa. May 25, 2023)....................................16

*Brown v. Am. Home Prods. Corp. (In re Diet Drugs (Phentermine,
    Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.)*,
    No. 99-20593, 2000 U.S. Dist. LEXIS 12275 (E.D. Pa. Aug. 28,
    2000) ...........................................................................................................26, 27

*Brown v. Progressions Behavioral Health Servs.*, *Inc.*,
No. CV 16-6054, 2017 WL 2986300 (E.D. Pa. July 13, 2017) ........................35

*Brumley v. Camin Cargo Control, Inc.*,
Civil Action No. 08-1798 (JLL), 2012 U.S. Dist. LEXIS 40599
(D.N.J. Mar. 26, 2012).......................................................................................32

*Caddick v. Tasty Baking Co.*,
2021 U.S. Dist. LEXIS 70016 (E.D. Pa. Apr. 12, 2021).....................................6

*Caddick v. Tasty Baking Co.*,
No. 2:19-cv-02106-JDW, 2021 U.S. Dist. LEXIS 206991 (E.D. Pa.
Oct. 27, 2021) ...........................................................................................35, 36

*Castro v. Sanofi Pasteur Inc.*,
2017 U.S. Dist. LEXIS 174708, 2017 WL 4776626 (D.N.J. Oct.
23, 2017) ...........................................................................................................38

*In re Cendant Corp., Deriv. Action Litig.*,
232 F. Supp. 2d 327 (D.N.J. 2002)....................................................................18

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..............................................................................19

*In re Chickie's & Pete's Wage & Hour Litig.*,
2014 U.S. Dist. LEXIS 30366 (E.D. Pa. Mar. 7, 2014) ....................................32

*In re Cigna Corp. Sec. Litig.*,
No. 02-8088, 2007 U.S. Dist. LEXIS 51089 (E.D. Pa. July 13,
2007) ..................................................................................................................12

*Corbin v. Am. Home Crafters Remodeling*,
Docket No. CAM-L-2043-20 (N.J. Super. Ct. Law Div. May 24,
2022) ..................................................................................................................40

*In re Corel Corp. Inc. Sec. Litig.*,
293 F. Supp. 2d 484 (E.D. Pa. 2003).................................................................25

*Craig v. Rite Aid Corp.*,
2013 U.S. Dist. LEXIS 2658 (M.D. Pa. Jan. 7, 2013).......................................37

*Crawford v. FHG Realty Urban Renewal, LLC*
(D.N.J. 16-cv-7797-RBK-KMW)...................................................................6, 8

*Cruz v. JMC Holdings, Ltd.*,
  No. 16-9321 (KSH) (CLW), 2019 U.S. Dist. LEXIS 169071
  (D.N.J. Sep. 30, 2019) .................................................................................24, 31

*Cullen v. Whitman Med. Corp.*,
  197 F.R.D. 136 (E.D. Pa. 2000)..........................................................................25

*Cunningham v. Wawa, Inc.*,
  No. 18-3355, 2021 U.S. Dist. LEXIS 81712 (E.D. Pa. Apr. 21,
  2021) ....................................................................................................................28

*Davis v. Essex Cty.*,
  Civil Action No. 14-cv-l122 (CCC-JBC), 2015 U.S. Dist. LEXIS
  161285 (D.N.J. Dec. 1, 2015) .......................................................................29, 30

*deMunecas v. Bold Food*,
  LLC, 2010 U.S. Dist. LEXIS 87644 (S.D.N.Y. Aug. 23, 2010) ........................31

*Devine v. Northeast Treatment Centers, Inc.*,
  2021 U.S. Dist. LEXIS 197924 (E.D. Pa. Oct. 14, 2021) ...................................21

*Dillworth v. Case Farms Processing*,
  Inc., 2010 WL 776933 (N.D. Ohio Mar. 8, 2010).............................................25

*Emeterio v. A&P Rest. Corp.*,
  2022 U.S. Dist. LEXIS 14598 (S.D.N.Y. Jan. 26, 2022) ............................22, 24

*Fischer v. Fed. Express Corp.*,
  42 F.4th 366 (3d Cir. 2022) ................................................................................28

*Flores v. Mamma Lombard's of Holbrook, Inc.*,
  104 F. Supp. 3d 290 (E.D.N.Y. 2015) ................................................................22

*Ford v. Lehigh Valley Restaurant Group, Inc.*,
  2016 U.S. Dist. LEXIS 31732 (M.D. Pa. Mar. 10, 2016) ..................................33

*Frederick v. Range Res. - Appalachia, LLC*,
  Civil Action No. 1:08-cv-288-SPB, 2022 U.S. Dist. LEXIS 60710
  (W.D. Pa. Mar. 31, 2022) ....................................................................................15

*Fritz v. Terminite, Inc.*,
  Civil Action No. 19-15749 (SRC), 2020 U.S. Dist. LEXIS 153871
  (D.N.J. Aug. 25, 2020)........................................................................................30

*Gabrielyan v. S.O. Rose Apartments LLC*,
    2015 U.S. Dist. LEXIS 135615 (D.N.J. Oct. 5, 2015) ........................................31

*Gasper v. Schulson Collective, LLC*,
    2020 U.S. Dist. LEXIS 182617 (E.D. Pa. Oct. 2, 2020) ...................................22

*Girsh v. New America Fund, Inc.*,
    521 F.2d 153 (3d Cir. 1975) ........................................................................*passim*

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) .............................................................18, 19, 20, 34

*Griffin v. Zager*,
    2017 U.S. Dist. LEXIS 142674 (D.N.J. Sep. 1, 2017) ......................................23

*Gunter v. Ridgewood Energy Corp.*,
    223 F.3d 190 (3d Cir. 2000) ............................................................................35

*Hall v. Accolade, Inc.*,
    No. 17-3423, 2019 U.S. Dist. LEXIS 143542 (E.D. Pa. Aug. 22,
    2019) ..........................................................................................................11, 13

*Hall v. Adelphia Three Corp.*,
    Case No. 21-CV-01106 (D.N.J.) ...................................................................7, 15

*Halley v. Honeywell Int'l, Inc.*,
    861 F.3d 481 (3d Cir. 2017) ..............................................................................8

*In re Healthcare Servs. Grp., Inc. Derivative Litig.*,
    2022 U.S. Dist. LEXIS 134005 (E.D. Pa. July 27, 2022) ..................................24

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
    No. 17-341, 2022 U.S. Dist. LEXIS 196845 (E.D. Pa. Oct. 28,
    2022) ................................................................................................................9

*Kauffman v. U-Haul Int'l, Inc.*,
    2019 WL 1785453 (E.D. Pa. Apr. 24, 2019)................................................24, 31

*Kolar v. Rite Aid Corp.*,
    No. 01-cv-1229, 2003 U.S. Dist. LEXIS 3646, 2003 WL 1257272
    (E.D. Pa. Mar. 11, 2003)..................................................................................12

*Kraus v. PA Fit II, LLC*,
  155 F. Supp. 3d 516 (E.D. Pa. 2016) ................................................................31

*Krell v. Prudential Ins. Co. of Am.* (*in Re Prudential Ins. Co. Am.*
  *Sales Practice Litig. Agent Actions*),
  148 F.3d 283 (3d Cir. 1998) ....................................................................*passim*

*Kress v. Fulton Bank, N.A.*,
  No. 19-18985 (CDJ)(MJS), 2021 U.S. Dist. LEXIS 259351 (D.N.J.
  Sep. 17, 2021) .............................................................................31, 32, 34

*Lenahan v. Sears, Roebuck & Co.*,
  2006 U.S. Dist. LEXIS 60307 (D.N.J. 2006) *aff'd*, 266 F. App'x
  114 (3d Cir. 2008) ..................................................................................24

*Lovett v. Connect America.com*,
  No. CV 14-2596, 2015 U.S. Dist. LEXIS 121838, 2015 WL
  5334261 (E.D. Pa. Sept. 14, 2015) ..............................................................30

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) .............................................................30, 31

*Mabry v. Hildebrandt*,
  2015 U.S. Dist. LEXIS 112137 (E.D. Pa. Aug. 24, 2015) ...............................34

*Maddy v. General Electric Co.*,
  2017 WL 2780741 (D.N.J. June 26, 2017)...........................................16, 34, 38

*Maia v. IEW Const. Grp.*,
  475 N.J. Super. 44, 291 A.3d 280 (Super. Ct. App. Div. 2023)........................14

*McCoy v. Health Net, Inc.*,
  569 F. Supp. 2d 448 (D.N.J. 2008) ..............................................................19

*Mehling v. N.Y. Life Ins. Co.*,
  248 F.R.D. 455 (E.D. Pa. 2006).....................................................................25

*Mendez v. MCSS Rest Corp.*,
  2022 U.S. Dist. LEXIS 154102 (E.D.N.Y. Aug. 26, 2022) ...............................22

*Mitchell v. People for People Charter School, Inc.*,
  2018 U.S. Dist. LEXIS 72691 (E.D. Pa. Apr. 27, 2018)...................................32

*Myers v. Jani-King of Phila., Inc.*,
   No. 09-1738, 2019 U.S. Dist. LEXIS 144929 (E.D. Pa. Aug. 26,
   2019) ...........................................................................................................6, 24

*In re NFL Players Concussion Injury Litig.*,
   821 F.3d 410 (3d Cir. 2016) ............................................................9, 10, 12, 21

*O'Hern v. Vida Longevity Fund, LP*,
   2023 U.S. Dist. LEXIS 76789 (D. Del. May 2, 2023) ............................9, 10, 17

*Oliver v. BMW of N. Am., LLC*,
   Civil Action No. 17-12979 (CCC), 2021 U.S. Dist. LEXIS 43290
   (D.N.J. Mar. 8, 2021)..........................................................................................12

*In re Par Pharm. Sec. Litig.*,
   No. 06-cv-3226, 2013 U.S. Dist. LEXIS 106150, 2013 WL
   3930091 (D.N.J. July 29, 2013)..........................................................................18

*Payton-Fernandez v. Burlington Stores, Inc.*,
   No. 22-608 (AMD), 2023 U.S. Dist. LEXIS 75258, at *12 (D.N.J.
   Apr. 28, 2023) ....................................................................................................29

*In re Pet Food Prods. Liab. Litig.*,
   629 F.3d 333 (3d Cir. 2010) .........................................................................10, 11

*Pro v. Hertz Equip. Rental Corp.*,
   Civil Action No. 06-3830 (DMC), 2013 U.S. Dist. LEXIS 86995
   (D.N.J. June 20, 2013) ..................................................................................19, 21

*Reynolds v. Turning Point Holdings Company, LLC*,
   19-cv-01935 (E.D. Pa. 2022) ..............................................................................22

*Ricci v. Newrez LLC*,
   No. 5:22-cv-0650, 2023 U.S. Dist. LEXIS 186727 (E.D. Pa. Oct.
   17, 2023) ........................................................................................................11, 30

*Ripley v. Sunoco, Inc.*,
   287 F.R.D. 300 (E.D. Pa. 2012)...........................................................................37

*In re Rite Aid Corp. Securities Litig.*,
   396 F.3d 294 (3d Cir. 2005) ..........................................................................34, 38

*Robinson v. Pa. State Corr. Officers Ass'n*,
   2005 U.S. Dist. LEXIS 42364 (M.D. Pa. Dec. 14, 2005) ...................................20

*Rose v. Travelers Home & Marine Ins. Co.*,
   2020 U.S. Dist. LEXIS 126761 (E.D. Pa. July 20, 2020) ...................................15

*Rossini v. PNC Fin. Servs. Grp., Inc.*,
   2020 U.S. Dist. LEXIS 113242 (W.D. Pa. June 26, 2020) ................................21

*Rouse v. Comcast Corp.*,
   2015 U.S. Dist. LEXIS 49347 (E.D. Pa. Apr. 15, 2015) ....................................38

*In re Safety Components Int'l Sec. Litig.*,
   166 F. Supp. 2d 72 (D.N.J. 2001) ...............................................................19, 21

*Sam Li v. Sushi to Go Cherry Hill, LLC*,
   No. 22-4734 (EAP), 2023 U.S. Dist. LEXIS 134886 (D.N.J. Aug.
   3, 2023) ..........................................................................................................30, 32

*Sanchez v. Kambousi Rest.*,
   2016 U.S. Dist. LEXIS 203500 (S.D.N.Y. Aug. 5, 2016)...................................23

*Sawyer v. Health Care Sols. at Home, Inc.*,
   No. 5:16-cv-5674, 2019 U.S. Dist. LEXIS 61499 (E.D. Pa. Apr. 9,
   2019) ...................................................................................................................29

*Schaub v. Chesapeake & Delaware Brewing Holdings*,
   2016 U.S. Dist. LEXIS 157203 (E.D. Pa. Nov. 14, 2016) ................................33

*Singleton v. First Student Mgmt. LLC*,
   No. 13-1744 (JEI/JS), 2014 U.S. Dist. LEXIS 108427 (D.N.J. Aug.
   6, 2014) ...................................................................................................13, 24, 32

*Somogyi v. Freedom Mortg. Corp.*,
   495 F. Supp. 3d 337 (D.N.J. 2020).........................................................9, 15, 27

*Southwood v. Milestone Mgmt. PA-Feasterville, LLC*,
   2020 WL 5554396 (E.D. Pa. Sept. 15, 2020)....................................................25

*In re Suboxone*,
   No. 2445, 2023 U.S. Dist. LEXIS 215754 (E.D. Pa. Dec. 4, 2023)..................26

*Sullivan v. DB Investments, Inc.*,
  667 F.3d 273 (3d Cir. 2011) ........................................................................24, 33

*Swamy v. Amogh Sesa Corp.*,
  2021 U.S. Dist. LEXIS 133808 (D.N.J. July 19, 2021) ....................................23

*Taveras v. S-L Distribution Co., Inc.*,
  2016 U.S. Dist. LEXIS 57689 (M.D. Pa. May 2, 2016)....................................38

*Tumpa v. IOC-PA, LLC*,
  Civil Action No. 3:18-cv-112, 2021 U.S. Dist. LEXIS 2806 (W.D.
  Pa. Jan. 7, 2021)..............................................................................................17

*Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*,
  No. 19-1227, 2022 U.S. Dist. LEXIS 5841 (E.D. Pa. Jan. 12, 2022) ...............17

*In re Valeant Pharms. Int'l Third-Party Payor Litig.*,
  2022 U.S. Dist. LEXIS 31090 (D.N.J. Feb. 22, 2022) ......................................38

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
  2020 U.S. Dist. LEXIS 69614 (E.D. Pa. Apr. 20, 2020)...................................26

*Wallace v. Powell*,
  No. 3:09-cv-286, 2015 U.S. Dist. LEXIS 172326 (M.D. Pa. Dec.
  21, 2015) ..........................................................................................................19

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516, 536 (3d Cir. 2004) .........................................................18, 21, 23

*Wood v. AmeriHealth Caritas Servs.*,
  LLC, No. 17-3697, 2020 U.S. Dist. LEXIS 60787 (E.D. Pa. Apr. 7,
  2020) ................................................................................................................17

*Zavala v. Wal-Mart Stores Inc.*,
  691 F.3d 527 (3d Cir. 2012) .............................................................................29

**Statutes**

29 U.S.C. § 216(b) .............................................................................................5, 29

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*...........................................*passim*

New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.1 *et seq.* ....................2, 14

**Rules**

Fed. R. Civ. P. 23 ..............................................................................*passim*

## I.    INTRODUCTION

Plaintiff, Michele Hall, respectfully submits thi*s* Brief in support of her Unopposed Motion for Final Settlement Approval, Attorneys' Fees and Expenses, Service Awards, and Settlement Administration Costs. Plaintiff and Defendants Adelphia Three Corp. d/b/a/ Phily Diner, Petro Kontos, and William Balis ("Defendants") have agreed to settle this class and collective action on behalf of tipped employees at Phily Diner[1] for a total of $900,000. ECF No. 76-1 (Settlement Agreement).[2]

On August 23, 2023, the Court granted "preliminary" approval of the settlement and authorize notice to class members. ECF No. 79. Since then, the notice process has been completed and the response has been overwhelmingly positive. There are no opt-outs or objectors.

This settlement is a desirable alternative to the expense, uncertainty, and delay that would result from further litigation under the unique facts presented. The settlement should be approved as fair, reasonable, and adequate in all respects.

---

[1] Settlement Class: "All current and former individuals who worked at least one tipped shift as servers and/or bartenders at Defendant Adelphia Three Corp.'s restaurant facilities operating under the trade name of Phily Diner, located at 31 S. Black Horse Pike, Runnemede, New Jersey 08078 any time between January 25, 2015 and the January 26, 2023."

[2] All exhibits are to the accompanying Declaration of Charles J. Kocher, Esq. Capitalized terms have the meaning set forth in the Settlement Agreement.

## II.     BACKGROUND

### A.     Plaintiffs' Claims

Defendants own and operate a restaurant doing business as "Phily Diner" located in Runnemede, New Jersey. Plaintiff is a former server who worked as a tipped employee at Phily Diner. Complaint ("Compl.") ECF No. 1 ¶¶ 10, 12-14.

Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New Jersey state wage and hour laws, N.J.S.A. 34:11-4.1 *et seq.*, by not paying its tipped employees the minimum required cash wage. Compl. ECF No. 1 ¶ 3. Plaintiff also alleges that Defendants violated the FLSA and New Jersey state law by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and by failing to pay Tipped Employees for all hours worked. *Id.* ¶ 5. Specifically, Plaintiff alleges that Defendants failed to properly inform her and other Tipped Employees of their intention to utilize a "tip credit"; were ineligible to take a "tip credit"; and therefore unlawfully applied a "tip credit" against the wages paid to Plaintiffs and other Tipped Employees. Compl. ECF No. 1 ¶ 6. Plaintiffs allege that they were under-compensated for their work in violation of the FLSA and New Jersey law. *Id.* ¶¶ 6-7; ECF No. 66.

Defendants deny Plaintiff's allegations. Defendants also dispute that this action may proceed as a class or collective action, except for settlement purposes.

## B.      Procedural History of the Settlement

After the Summary Judgment rulings, the Parties agreed to private mediation to explore settlement. On February 4, 2023, Plaintiffs informed the Court that the Parties had scheduled a mediation with Hon. Diane M. Welsh (Ret.)[3] to commence on April 7, 2023. The Court issued an order on February 27, 2023 staying the instant action to permit private mediation with Judge Welsh. ECF. No. 68. On April 7, 2023, and with the guidance of Judge Welsh, the Parties reached a settlement in principle and executed a Memorandum of Understanding. If approved, the settlement will result in a non-reversionary payment of $900,000 by Defendants to settle all claims.

On April 10, 2023, Plaintiffs informed the Court of the settlement in principle and stated that they would move for preliminary approval of a proposed class and collective action settlement on or before June 30, 2023. ECF No. 71. Since then, the Parties have negotiated and executed a Settlement Agreement. ECF No. 76-3.

On August 23, 2023, the Court granted preliminary approval of the settlement, appointed Plaintiff as the Class Representative, appointed McOmber McOmber & Luber, P.C. as Class Counsel, approved notice to the Class, and scheduled a Final Approval Hearing for January 4, 2024. ECF No. 79.

---

[3] https://www.jamsadr.com/welsh/ (last visited June 22, 2023) ("Judge Welsh is nationally recognized for her work as a neutral and Special Master in complex class actions, mass torts, and multi-district litigations (MDLs)").

### C.    The Class & Notice

The Class includes 385 tipped employees. **Exhibit C** ¶ 15. Plaintiff retained Angeion Group ("Angeion") to serve as the Settlement Administrator, which includes disseminating notice and establishing and maintaining a dedicated Settlement website and toll-free line. *Id.* ¶ 3. Angeion mailed notice to 384 Class Members. *Id.* ¶ 4. For the 71 of those notices were undeliverable, Angeion conducted a "skip trace" to update the address. *Id.* ¶ 8. Angeion was able to locate updated addresses for 39 Class Members and remailed notices to these updated addresses on October 18, 2023. *Id.* ¶ 8. Angeion also emailed Notice to 56 Class members, whose emails Defendants provided. *Id.* ¶ 9. Angeion received one (1) email Notice as undeliverable but that class member was sent a mailed notice that was not returned as undeliverable. *Id.* ¶ 10. One additional class member was added following a joint call with all counsel to the Parties on December 14, 2023. *Id.* ¶ 5.

As of November 17, 2022, the Settlement Website has had approximately 256 page views and approximately 147 sessions, which represents the number of individual sessions initiated by all users on the website. **Exhibit C** ¶ 12. As of November 17, 2023, the toll-free number has received approximately 21 calls, totaling 76 minutes. *Id.* ¶ 14. Zero Class members excluded themselves from the Settlement by the exclusion date of November 13, 2023. *Id.* ¶ 15. The Parties and Angeion are not aware of any exclusions or objections from the Settlement.

### D.   The Settlement Agreement & Terms

The Settlement Agreement's material terms are briefly summarized below.

### 1.   The Settlement Class/Collective Definition

For purposes of settlement only, the Parties have agreed to certification of the

following Settlement Class pursuant to Federal Rule of Civil Procedure 23(e):

> All current and former individuals who worked at least one
> tipped shift as servers and/or bartenders at Defendant
> Adelphia Three Corp.'s restaurant facilities operating
> under the trade name of Phily Diner, located at 31 S. Black
> Horse Pike, Runnemede, New Jersey 08078 any time
> between January 25, 2015 to January 26, 2023.

ECF No. 76-3 at ¶ 2.34. The Parties have agreed to the certification of an FLSA

collective pursuant to 29 U.S.C. § 216(b) that is identical to the Rule 23 class. 385

individuals fall within the class/collective definition, including Plaintiff.

### 2.   The Monetary Payments

Defendants agreed to create a total common fund of $900,000 to settle all legal

claims. ECF No. 76-3 ¶ 2.32. No portion of this payment will revert to Defendants.

*Id.* If the Court approves the requested service awards and attorneys' fees/expenses,

the net settlement fund distributed to the class/collective will total approximately

$600,000.00 less Class Counsel's expenses, the costs of notice and administration

(estimated not to exceed $30,000), and a Service Payment to Plaintiff ($10,000).

This net settlement amount, less ordinary payroll taxes, withholdings, and

deductions, will then be distributed to Settlement Members who do not exclude themselves from the Settlement Class. *Id.* ¶ 4.11(E).

Distributions will be made on a pro rata basis according to each individual's portion of the total tipped hours worked during the Class and Collective Period. The Claims Administrator will determine the proposed settlement amount per settlement member by: (i) subtracting from the settlement amount any awarded or allowed attorneys' fees and costs, administrative fees and expenses, and service awards; (ii) calculating the participating member's pro rata share of the remainder based on the number of hours the participating member worked tipped shifts during the Class and Collective Period; and (iii) subtracting any applicable taxes, withholdings, and deductions. Agreement ECF No. 76-3 ¶ 4.11(B). The pro rata distribution ensures that "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D).[4]

---

[4] *See Myers v. Jani-King of Philadelphia, Inc.*, 2019 WL 4034736, at *9 (E.D. Pa. Aug. 26, 2019) (approving a distribution formula based on total payments made by each member for franchise fees, finders fees, insurance payments, etc., made during the class period and finding "[t]his method assures that individuals who had a longer relationship with Jani-King, and thus made larger payments in fees, will ultimately receive greater compensation under the Settlement Agreement."); *Caddick v. Tasty Baking Co.*, 2021 U.S. Dist. LEXIS 70016, at *19 (E.D. Pa. Apr. 12, 2021) ("FLSA and state law class members will receive payments based on the same calculation. 'The settlement share allocation is individually determined based on transactional data from each Settlement Class Member's distributorship and the number of weeks each such distributor worked within the applicable period.'"); *Crawford v. FHG Realty Urban Renewal, LLC* (D.N.J. 16-cv-7797-RBK-KMW) (adopting pro rata distribution of tip credit claims).

In addition, subject to Court approval, $10,000 will be distributed to Plaintiff Hall as a service award in recognition of her efforts on behalf of the Settlement Class. ECF No. 76-3 ¶ 4.14. Subject to Court approval, Class Counsel seeks one third of the Maximum Settlement Amount, or $300,000, plus expenses. *Id.* ¶ 4.13.

### 3. The Release

In exchange for the above consideration, Settlement Members who do not exclude themselves from the settlement will release all legal or equitable claims—except FLSA claims—known or unknown, arising during the Class and Collective Action Period from January 25, 2015 to January 26, 2023 and asserted in or related to the Action, including, but not limited to, all such claims seeking unpaid wages under the NJWHL, for unjust enrichment under New Jersey Law, and any other federal, state, or local statute, regulation, ordinance, or common law theory seeking unpaid wages or any associated penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution or other relief. Settlement Members who also sign, cash, or otherwise negotiate their settlement payment check will also release their FLSA claims subject to the above terms.[5]

---

[5] The back of each check will contain the following release language: "By signing, endorsing, depositing, cashing, or otherwise negotiating this check, I voluntarily consent and agree: (a) to join the Fair Labor Standards Act claims in the case of *Hall v. Adelphia Three Corp.*, Case No. 21-CV-01106 (D.N.J.) as a party plaintiff; (b) to be bound by the Settlement Agreement in that action, including the release of any claims I may have against the Released Parties under the Fair Labor Standards Act;

## III.   ARGUMENT

### A.   Final Approval of the Settlement is Warranted Because it is Fair, Reasonable, and Adequate

Because a class action binds absent members, a class action cannot be settled without the approval of the Court. *See Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 488 (3d Cir. 2017) (citing *Krell v. Prudential Ins. Co. of Am.* (*in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*), 148 F.3d 283, 316 (3d Cir. 1998)) ("Even if it has satisfied the requirements for certification under Rule 23, a class action cannot be settled without the approval of the court."); *see also* Fed. R. Civ. P. 23(e) (providing that "the claims . . . of a certified class may be settled . . . only with the court's approval").[6] The court must determinate whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

In assessing fairness, the Court should consider the four factors in Rule 23(e)(2)'s 2018 amendments:

> (A) whether the class representatives and class counsel have adequately represented the class;
>
> (B) whether the proposal was negotiated at arm's length;
>
> (C) whether the relief provided for the class is adequate,

---

and (c) that Class Counsel may present either a copy of this check or a declaration of its existence as proof of my agreement to these terms." This approach was approved by Judge Kugler in *Crawford v. FHG Realty Urban Renewal, LLC* (16-cv-7797-RBK-KMW) in a case involved the same legal claims and factual predicates.
[6] Since, this Court has already certified the Class on January 27, 2023, Rule 23(b)'s requirements are already established.

> taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreements between the settling parties; and

> (D) whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *O'Hern v. Vida Longevity Fund, LP*, 2023 U.S. Dist. LEXIS 76789, at *12-13 (D. Del. May 2, 2023) (discussing Rule 23(e)(2)'s four factors in evaluating fairness); *Somogyi v. Freedom Mortg. Corp.*, 495 F. Supp. 3d 337, 350 (D.N.J. 2020) (analyzing Rule 23(e)(2) before *Girsh* factors).

Within the Third Circuit, courts also "employ a more expansive fairness inquiry" based on a collection of factors. *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, No. 17-341, 2022 U.S. Dist. LEXIS 196845, at *13 (E.D. Pa. Oct. 28, 2022). The seminal factors were established in *Girsh v. New America Fund, Inc.*, 521 F.2d 153 (3d Cir. 1975), when the Third Circuit "noted nine factors to be considered when determining the fairness of a proposed settlement." *NFL Players*, 821 F.3d at 437. The *Girsh* factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of the discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) ability of the defendants to withstand a greater judgment; (8) the range

> of reasonableness of the settlement fund in light of the best
> possible recovery; and (9) the range of reasonableness of
> the settlement fund to a possible recovery in light of all the
> attendant risks of litigation.

*Girsh*, 521 F.2d at 157. "The district court must make findings as to each of the nine *Girsh* factors in order to approve a settlement as fair, reasonable, and adequate, as required by Rule 23(e)." *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 350 (3d Cir. 2010). These *Girsh* factors "include procedural and substantive considerations similar to those in the 2018 amendments to Rule 23(e)." *O'Hern*, 2023 U.S. Dist. LEXIS 76789, at *13.

Years later, in *In re Prudential Insurance Company America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998), the Third Circuit determined that "it might be useful" to expand the analysis to include additional "permissive and non-exhaustive factors." *NFL Players*, 821 F.3d at 437 (listing 6 Prudential factors). The *Prudential* factors are:

> [1] the maturity of the underlying substantive issues, as
> measured by experience in adjudicating individual
> actions, the development of scientific knowledge, the
> extent of discovery on the merits, and other factors that
> bear on the ability to assess the probable outcome of a trial
> on the merits of liability and individual damages; [2] the
> existence and probable outcome of claims by other classes
> and subclasses; [3] the comparison between the results
> achieved by the settlement for individual class or subclass
> members and the results achieved—or likely to be
> achieved—for other claimants; [4] whether class or
> subclass members are accorded the right to opt out of the
> settlement; [5] whether any provisions for attorneys' fees

10

are reasonable; and [6] whether the procedure for processing individual claims under the settlement is fair and reasonable."

*Prudential*, 148 F.3d at 323.[7]

Most recently, in *Baby Products*, 708 F.3d 163, the Third Circuit observed that "one additional inquiry[y] for a thorough analysis of settlement terms is the degree of direct benefit provided to the class." *Id.* at 164.

Here, all four factors under Rule 23(e)(2) and the related *Girsh*, *Prudential*, and *Baby Products* factors all weigh in favor of final approval of the settlement agreement. Thus, the proposed settlement is fair, reasonable, and adequate.

### 1.    Rule 23(e)(2)(A): Whether Plaintiff and class counsel "have adequately represented the class"

This factor focuses "on the actual performance of counsel acting on behalf of the class." *Hall v. Accolade, Inc.*, No. 17-3423, 2019 U.S. Dist. LEXIS 143542, at *8-9 (E.D. Pa. Aug. 22, 2019) (citation omitted); *see also In re NFL Players*

---

[7] The Court is not required to apply the *Prudential* factors, and some district courts decline to. *See In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013) ("Unlike the *Girsh* factors, each of which the district court must consider before approving a class settlement, the *Prudential* considerations are just that, prudential. They are permissive and non-exhaustive, 'illustrat[ing] . . . [the] additional inquiries that in many instances will be useful for a thoroughgoing analysis of a settlement's terms.'" (quoting *In re Pet Food Prods. Liab. Litig.*, 629 F.3d at 350)); *Ricci v. Newrez LLC*, No. 5:22-cv-0650, 2023 U.S. Dist. LEXIS 186727, at *8 n.1 (E.D. Pa. Oct. 17, 2023)("Since the Court finds the Girsh factors sufficient, it declines to apply the Prudential factors.") However, the application is prophylactic and further establishes the settlement's fairness warranting approval.

*Concussion Injury Litig.*, 821 F.3d 410, 439 (3d Cir. 2016) (class counsel should "develop[] enough information about the case to appreciate sufficiently the value of the claims"). Here, this factor is satisfied because the parties engaged in extensive and vigorous litigation. The parties engaged in substantial discovery including depositions of Defendants and the named-Plaintiff, production and analysis of payroll data, multiple damages models, as well as significant motion practice including Plaintiff's granted in-part motion for summary judgment, obtained FLSA collective conditional certification and certification of a litigated class.

### 2.     Rule 23(e)(2)(B): Whether the settlement "was negotiated at arm's length"

This factor is satisfied where, as here, the settlement was reached pursuant to the negotiations by Hon. Diane M. Welsh (Ret.). *See In re Cigna Corp. Sec. Litig.*, No. 02-8088, 2007 U.S. Dist. LEXIS 51089, at *12 (E.D. Pa. July 13, 2007) (noting that private mediation conducted by a retired federal district judge supports the inference of arm's length negotiation); *Oliver v. BMW of N. Am., LLC*, Civil Action No. 17-12979 (CCC), 2021 U.S. Dist. LEXIS 43290, at *25 (D.N.J. Mar. 8, 2021) ("The participation of an independent mediator in settlement negotiations 'virtually ensures that the negotiations were conducted at arm's length and without collusion between the parties.'" (quotation omitted)); *Kolar v. Rite Aid Corp.*, No. 01-cv-1229, 2003 U.S. Dist. LEXIS 3646, 2003 WL 1257272, at *3 (E.D. Pa. Mar. 11, 2003) (noting that involvement of third party in settlement process "provides a great deal

12

of comfort at the threshold of our fairness consideration").

    **3.**    **Rule 23(e)(2)(C)(i): Whether the relief "is adequate, taking into account the costs, risks, and delay of trial and appeal"**

This factor "balances the relief that the settlement is expected to provide to class members against the cost and risk involved in pursuing a litigated outcome." *Hall*, 2019 U.S. Dist. LEXIS 143542, at *10 (quotation omitted). Such analysis "cannot be done with arithmetic accuracy, but it can provide a benchmark for comparison with the settlement figure." *Id.* (quotation omitted). As the Third Circuit has observed, "[t]he role of a district court is not to determine whether the settlement is the fairest possible resolution – a task particularly ill-advised given that the likelihood of success at trial . . . can only be estimated imperfectly." *In re Baby Products*, 708 F.3d at 173-74.

This settlement avoids further risk. ***First***, the Court's summary judgment motion regarding FLSA tip credit notice claim only applies to eleven individuals who have currently opted into the FLSA collective. The parallel Rule 23(b)(3) state law claims may face risk because Defendants contend that there was no obligation to provide tip credit notice under New Jersey law for much of the class period— including the period during which Plaintiff worked at Phily Diner—and that Plaintiff and the Class members have no remedy under New Jersey statutory or common law. Plaintiff disputes these assertions for the reasons in her supplemental brief.

13

ECF No. 66. Resolution of these legal issues presents litigation risks to both Parties and likely would require appellate practice to fully resolve.

**Second**, there is an open question regarding the statute of limitations  (and the resulting class time period)[8] for the Rule 23(b)(3) state law claims. L. 2019, c. 212, § 14 (Chapter 212) amended various New Jersey wage and hours law from two (2) year to six (6) year statute of limitation. In March 2023, the New Jersey Appellate Court held that the six-year statute of limitations applies retroactively. *Maia v. IEW Const. Grp.*, 475 N.J. Super. 44, 56, 291 A.3d 280, 287 (Super. Ct. App. Div. 2023). The case is now on appeal to the New Jersey Supreme Court. Plaintiff also asserts a companion unjust enrichment claim, which carries a six-year statue of limitations period. Defendants oppose that period, arguing that Plaintiff's unjust enrichment claim is preempted by her statutory wage claims. Here, the settlement includes a six-year period and avoids a delay in obtaining a judgment and eliminates an appeal. This settlement avoids these risks and warrants final approval.

### 4. Rule 23(e)(2)(C)(ii) – Effectiveness of the "proposed method of distributing relief" and "the method of processing class-member claims"

"'In considering this factor, the Court 'scrutinize[s] the method of [notice] processing' and 'should be alert to whether the . . . process is unduly demanding.'"

---

[8] This is often referred to as the "look-back" period, which is "the amount of time for which the employee could seek recoupment of improperly withheld wages." *Maia*, 475 N.J. Super. at 50.

*Rose v. Travelers Home & Marine Ins. Co.*, 2020 U.S. Dist. LEXIS 126761, at \*18 (E.D. Pa. July 20, 2020) (citing Rule 23 Advisory Committee Notes (Dec. 1, 2018.)).

This factor favors approval where class members are not required to file claim forms to receive payments and where the notice form clearly describes the process for class members to object to or exclude themselves from the settlement. *See Hall*, 2020 U.S. Dist. LEXIS 52632, at \*21-22; *Frederick v. Range Res. - Appalachia, LLC*, Civil Action No. 1:08-cv-288-SPB, 2022 U.S. Dist. LEXIS 60710, at \*80 (W.D. Pa. Mar. 31, 2022) (finding that settlement payments calculated automatically on a pro rata basis without submitting claims is effective because "no burden is placed on class members"). Here, the individualized settlement payments are made on a pro rata basis according to each class members' portion of the total tipped hours worked during the Class Period. This payroll data is provided by the Defendants and the Class Member need not file a claim.

Moreover, Plaintiff retained Angeion – a reputable class action administrator – to process the claims and provide notice. The notice program has also been successful. *See Hall*, 2020 U.S. Dist. LEXIS 52632, at \*21-22 (noting that the Administrator "has not experienced significant difficulties in contacting class members"); *Somogyi*, 495 F. Supp. 3d at 350 (discussing hiring an "experienced and qualified claims administrator" to fulfill the court's preliminary approval order helps to satisfy this requirement). Thus, this factor favors approval.

15

### 5.    Rule 23(e)(2)(C)(iii) – The terms and timing of any proposed attorney's fee award

This factor favors approval because the requested attorney's fee constitutes only one-third of the total settlement fund. It is well established that fees of 33 1/3% or less of the settlement fund fall "within the range approved in other wage and hour cases." *Bristow v. Caritas*, 2023 U.S. Dist. LEXIS 92193, *2-3 (E.D. Pa. May 25, 2023) (citing other cases); *see Maddy v. General Electric Co.*, 2017 WL 2780741, at *6-8 (D.N.J. June 26, 2017) (approving attorneys' fees in amount of one-third of settlement plus expenses in collective and class action lawsuit under FLSA and state's laws); *Beuregard v. Hunter*, 2019 U.S. Dist. Lexis 23233, at *28-29 (D.N.J. Sept. 27, 2019) (noting requested attorneys' fees in the amount of 33 1/3% of the settlement amount was reasonable because "they are far less than the amount to which counsel are entitled under their retainer agreement, and the work performed to effectuate this settlement has been substantial."). In addition, payments to class members and Plaintiff's counsel are scheduled to occur at approximately the same time. This factor favors final approval.

### 6.    Rule 23(e)(2)(C)(iv): Other agreements Under Rule 23(e)(3)

This factor requires settling parties to "file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3). The parties first presented this Court with the Settlement Agreement with their preliminary approval motion. ECF No. 76; s*ee also* ECF No. 79 (granting

"preliminary" approval). Here, the accompanying Settlement Agreement is the only agreement connected to this lawsuit. This requirement is satisfied.

### 7.   Rule 23(e)(2)(D): Whether the settlement treats class members equitably relative to each other

This factor seeks to prevent the "inequitable treatment of some class members vis-a-vis others." *Wood v. AmeriHealth Caritas Servs.*, LLC, No. 17-3697, 2020 U.S. Dist. LEXIS 60787, at *21 (E.D. Pa. Apr. 7, 2020) (citing Fed. R. Civ. P. 23 Advisory Committee Notes (Dec. 1, 2018)). Here, the individualized settlement payments provide each class member with his/her pro rata share of their payment based on total hours worked during the class period. *See O'Hern*, 2023 U.S. Dist. LEXIS 76789, at *20 (finding when settlement is based on pro rata share, "there can be no dispute that the settlement treats all class members equitably based on the relative losses they sustained, in accordance with Rule 23(e)(2)(D).") Thus, this factor warrants approval.

### 8.   *Girsh* Factor 1: Complexity, Expense, and Likely Duration of the Litigation

This factor weighs in favor of approval because, absent settlement, this court would be burdened by a complex, lengthy trial. *See* Section III.A.3 *supra.* [9]

---

[9] Courts note that the Girsh factors overlap with Rule 23(e)(2)(c) factors.  *See O'Hern*, 2023 U.S. Dist. LEXIS 76789, at *16-17 ("The court's analysis under Rule 23(e)(2)(C) also addresses the first, fourth, fifth, eighth, and ninth Girsh factors*"); Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*, No. 19-1227, 2022 U.S. Dist. LEXIS 5841, at *19 (E.D. Pa. Jan. 12, 2022); *Tumpa v. IOC-PA, LLC*, Civil Action No.

### 9. *Girsh* Factor 2: Reaction of the Class to the Settlement

"The second *Girsh* factor 'attempts to gauge whether members of the class support the settlement.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 536 (3d Cir. 2004) (quoting *Prudential*, 148 F.3d at 318). In determining the reaction of the class, "courts look to the number and vociferousness of the objectors." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995).

This factor also favors settlement because no class members have objected to, or excluded themselves from, the settlement. **Exhibit C ¶¶** 14-15. This positive reaction of the class demonstrates that the class is satisfied that settlement is fair, and thus his reaction strongly supports approval. *In re Cendant Corp., Deriv. Action Litig.*, 232 F. Supp. 2d 327, 333-34 (D.N.J. 2002) ("Given that no formal objection was filed to the settlement itself, there is little doubt that this factor weighs in favor of approval of the Settlement Agreement."); *In re Par Pharm. Sec. Litig.*, No. 06-cv-3226, 2013 U.S. Dist. LEXIS 106150, 2013 WL 3930091, at *4 (D.N.J. July 29, 2013) ("[T]otal absence of objections argues in favor of the proposed settlement"); *Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F. Supp. 2d 322, 331 (E.D. Pa. 2007) (same). Thus, this factor favors approval.

---

3:18-cv-112, 2021 U.S. Dist. LEXIS 2806, at *23 (W.D. Pa. Jan. 7, 2021) (analyzing 23(e)(2)(C) and Girsh factors together)

### 10.    *Girsh* Factor 3: Stage of the Proceedings and Discovery Completed

This factor "captures the degree of case development that class counsel have accomplished prior to settlement" and "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (quoting *In re GMC*, 55 F.3d at 813). "To guarantee a proposed settlement is the result of informed negotiations, 'there should be an inquiry into the type and amount of discovery the parties have undertaken.'" *In re Safety Components Int'l Sec. Litig.*, 166 F. Supp. 2d 72, 86 (D.N.J. 2001) (quoting *Prudential*, 148 F.3d at 319).

Here, settlement was reached after extensive and vigorous litigation: four depositions; production and analysis of extensive payroll data; multiple damages models and analysis; and significant motion practice including Plaintiff's granted in-part motion for summary judgment, FLSA collective conditional certification, and class certification. After years of discovery and motion practice before is Court, "the parties certainly had a clear view of the strengths and weaknesses of their cases." *Wallace v. Powell*, No. 3:09-cv-286, 2015 U.S. Dist. LEXIS 172326, at *70 (M.D. Pa. Dec. 21, 2015) (citing *McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 461 (D.N.J. 2008). And because of the mature procedural posture and factual record, the parities settled at a stage where they had an "adequate appreciation" of the merits. *Prudential*, 148 F.3d at 319; *see also Pro v. Hertz Equip. Rental Corp.*, Civil Action

No. 06-3830 (DMC), 2013 U.S. Dist. LEXIS 86995, at *11 (D.N.J. June 20, 2013) (finding this factor weighs in favor of approval because it was "extensively litigated through certification [granted] and multiple summary judgment motions, and numerous depositions of witnesses"); *Robinson v. Pa. State Corr. Officers Ass'n*, 2005 U.S. Dist. LEXIS 42364, at *6 (M.D. Pa. Dec. 14, 2005)("Given the partial summary judgments granted in favor of plaintiffs, both parties clearly understand the merits of the case."); *Bredbenner v. Liberty Travel, Inc.*, Civil Action No. 09-905, 2011 U.S. Dist. LEXIS 38663, at *36 (D.N.J. Apr. 8, 2011) ("In general, post-discovery settlements are more likely to be fair and reflective of the true value of the claims in the case." (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1314 (3d Cir. 1993)). Accordingly, this factor weighs in favor of final approval of the settlement.

### 11. *Girsh* Factors 4 and 5: Risk of Establishing Liability and Proving Damages

These factors "examine what the potential rewards (or downside) of the litigation had class counsel elected to litigate the claims rather than settle them." *In re GMC*, 55 F.3d at 814. As already explained, the legal claims asserted in this action carried significant risk. *See* Section III.A.3. *supra* (discussing litigation risks). Accordingly, these factors weigh in favor of approval of the settlement. *See Atis v. Freedom Mortgage Corp.*, 2018 WL 5801544, at *4 (D.N.J. Nov. 6, 2018) (Kugler, J.) (analyzing these *Girsh* factors collectively and reasoning that "[a]ll litigation has risk, and the parties appear to have considered, before mediation, calculations about

Defendant's potential litigation exposure and assessed their respective views of the facts and applicable law.").

### 12.   *Girsh* Factor 6: Maintaining the Class Through Trial

"[R]isk remains a relevant consideration even after the Court has granted class certification, because '[a] district court retains the authority to decertify or modify a class at any time during the litigation if it proves to be unmanageable.'" *Rossini v. PNC Fin. Servs. Grp., Inc.*, 2020 U.S. Dist. LEXIS 113242, at *44 (W.D. Pa. June 26, 2020) (citing *In re Warfarin*, 391 F.3d at 537); *see also Hertz Equip. Rental Corp.*, 2013 U.S. Dist. LEXIS 86995, at *13 ("However, even where a class has already been certified, courts routinely approve settlement pursuant to the other *Girsh* factors in light of the ever-present risk that 'intractable management problems' may warrant decertification of the class." (quoting *In re Safety Components*, 166 F. Supp. 2d at 91).

Regardless, the Third Circuit has held that this factor only receives "minimal consideration" in the settlement context. *NFL Players*, 821 F.3d at 440. The Third Circuit held "[i]n a settlement class, this factor becomes essentially 'toothless' because 'a district court need not inquire whether the case, if tried, would present intractable management problems[,] . . . for the proposal is that there be no trial.'" *Id*. at 440 (*citing* Prudential, 148 F.3d at 321)(cleaned up); see also *Devine v. Northeast Treatment Centers, Inc.*, 2021 U.S. Dist. LEXIS 197924, *8-9 (E.D. Pa.

Oct. 14, 2021) (this factor is "not very significant"). Thus, this factor weighs in favor of settlement.

### 13. *Girsh* Factor 7: Ability of Defendant to Withstand a Greater Judgment

This factor weighs in favor of settlement. Defendants could not withstand a greater judgment because: (1) Phily Diner is a small, independently-owned diner that employs approximately 50 employees; and (2) the restaurant industry as a whole has been impacted by COVID-19, inflation, increased cost of goods, and thinning profit margins. *See Gasper v. Schulson Collective, LLC*, 2020 U.S. Dist. LEXIS 182617, at *11 (E.D. Pa. Oct. 2, 2020) (finding factors favors approval because defendants lack insurance policy and "COVID-19 has severely impacted their business in the restaurant industry"); *Mendez v. MCSS Rest Corp.*, 2022 U.S. Dist. LEXIS 154102, at *24 (E.D.N.Y. Aug. 26, 2022) (noting that the "COVID-19 pandemic has weighed heavily on the restaurant business"); *Emeterio v. A&P Rest. Corp.*, 2022 U.S. Dist. LEXIS 14598, at *25 (S.D.N.Y. Jan. 26, 2022) ("The Court is also well aware of the number of restaurants that have closed due to the pandemic's effect on business"); s*ee also Flores v. Mamma Lombard's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 304 (E.D.N.Y. 2015) (approving settlement class of restaurant workers where defendants could not withstand greater judgment); *Reynolds v. Turning Point Holdings Company, LLC*, 19-cv-01935 (E.D. Pa. 2022) (same).

A greater judgment (or settlement) would have jeopardized Defendants'

22

ability to remain in business and prevented class relief – which this Court should consider. *See Griffin v. Zager*, 2017 U.S. Dist. LEXIS 142674, at *23 (D.N.J. Sep. 1, 2017) (Noting defendant was a "'small law firm' and that a greater judgment 'would significantly affect their business.'"); *Sanchez v. Kambousi Rest.*, 2016 U.S. Dist. LEXIS 203500, at *31 (S.D.N.Y. Aug. 5, 2016)(noting settlement with "small family-owned diner" took into account ability to pay and ability to "remain in business" ). Thus, this factor weighs in favor of settlement.

### 14.    *Girsh* Factors 8 and 9: The Range of Reasonableness of the Settlement Fund in Light of Best Possible Recovery and Risks of Litigation

These two factors "evaluate whether the settlement represents a good value for a weak case or a poor value for a strong case." *Warfarin*, 391 F.3d at 538. "The factors test two sides of the same coin: reasonableness in light of the best possible recovery and reasonableness in light of the risks the parties would face if the case went to trial." *Id.* (citing *Prudential*, 148 F.3d at 322). In other words, the question is whether in light of these risks, the settlement class is getting a "good value."

Here, these factors favor approval. As discussed above, a greater judgment or settlement amount would have jeopardized Defendants' ability to remain in business and prevented class relief. *See Swamy v. Amogh Sesa Corp.*, 2021 U.S. Dist. LEXIS 133808, at *4 (D.N.J. July 19, 2021) (noting plaintiff's concerns about "collecting from defendants in the event of successful litigation given the financial difficulties

23

faced by the defendant-restaurant during the COVID-19 pandemic."); *Emeterio*, 2022 U.S. Dist. LEXIS 14598, at *24 (finding reasonableness "given the COVID-19 pandemic and its outsized and decimating impact on the restaurant industry"); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 323 (3d Cir. 2011) (noting the importance of weighing "the realistic, rather than theoretical, potential for recovery after trial" in comparing the value of settlement versus trial); *In re Healthcare Servs. Grp., Inc. Derivative Litig.*, 2022 U.S. Dist. LEXIS 134005, at *14 (E.D. Pa. July 27, 2022) (describing public policy favoring settlement of class actions and other complex litigation "that otherwise could linger for years").

A settlement may be appropriate even where it is only a fraction of the ultimate exposure should the case go to trial. *See Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, 48 (D.N.J. 2006) aff'd, 266 F. App'x 114 (3d Cir. 2008) (approving $15 million settlement when maximum exposure at trial may have been as high as $104 million because of the uncertainty of the final disposition of trial). This is true in the wage and hour context.[10]

---

[10] *See Singleton v. First Student Mgmt. LLC*, No. 13-1744 (JEI/JS), 2014 U.S. Dist. LEXIS 108427, at *19 (D.N.J. Aug. 6, 2014)(approving wage and hour settlement where "the proposed settlement amount is about 40% of the Plaintiffs' estimate"); *Cruz v. JMC Holdings, Ltd.*, No. 16-9321 (KSH) (CLW), 2019 U.S. Dist. LEXIS 169071, at *16 (D.N.J. Sep. 30, 2019)("this total represents 45% of the $36,000.00 that named plaintiffs estimate plaintiffs' collective claims to be worth if they were to fully succeed on the merits"); *Myers v. Jani-King of Phila., Inc.*, No. 09-1738, 2019 U.S. Dist. LEXIS 144929, at *24-25 (E.D. Pa. Aug. 26, 2019) (approving settlement representing "between 20% and 39%" of the maximum damages);

Here, Plaintiffs estimate that median settlement payment (pretax) to a Class member will be approximately $419.11 and the average will be $1,421.17 after attorneys' fees, expenses, costs of notice and administration, and the service award. The maximum will be approximately $15,231.43.  Accordingly, this is a good value to the Class given the litigation risks and the risk of non-collection on a judgment.

### 15.   *Prudential* **Factor 1: Maturity of Underlying Substantive Issue**

This factor favors settlement here as the substantive law is sufficiently developed to enable Class Counsel to analyze the litigation risks.

---

*Kauffman v. U-Haul Int'l, Inc.*, 2019 WL 1785453, at *3 (E.D. Pa. Apr. 24, 2019) (approving wage and hour settlement where "Plaintiff will receive payment of a meaningful portion (approximately 28%) of his alleged unpaid overtime wages..."); *Mehling v. N.Y. Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2006) (approving settlement that represented 20% of best possible recovery and noting courts that have approved settlements with even lower ratios); *Dillworth v. Case Farms Processing*, Inc., 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010); (approving a class action settlement that recovered "approximately one-third of claimed unpaid wages" and finding "there can be no doubt that the results achieved for the class members are exceptional."); *Southwood v. Milestone Mgmt. PA-Feasterville, LLC*, 2020 WL 5554396, at *4 (E.D. Pa. Sept. 15, 2020) (approving FLSA and PMWA settlement for "54% of the amount Plaintiff claims to be owed" and finding this to be a "positive result."); *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 490 (E.D. Pa. 2003) (concluding "[a] settlement amounting to 15% of maximum provable damages is within the range of settlement agreements approved by other courts in this District."); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D. Pa. 2000) (granting final approval where "[t]he settlement that was achieved represents approximately seventeen percent of single damages to the class, an amount significantly higher than the proportion of damages obtained in settlement agreements approved by other courts").

25

### 16. *Prudential* Factor 2: Claims by Other Classes

Class Counsel is unaware of other class claims outside of this litigation.

### 17. *Prudential* Factor 3: Comparison Between the Results Achieved for Individual Class Members and Results Achieved (or Likely to be) for the Other Claimants

"Factors two and three look at the outcomes of claims by other classes and other claimants." *In re Suboxone*, No. 2445, 2023 U.S. Dist. LEXIS 215754, at *26 (E.D. Pa. Dec. 4, 2023). This factor requires the court to compare the instant matter's relief sought against other claimants' relief in the prior litigation. *See Vista Healthplan, Inc. v. Cephalon, Inc.*, 2020 U.S. Dist. LEXIS 69614, at *68 (E.D. Pa. Apr. 20, 2020) (comparing the settlement to other class action settlements against the same defendants, nothing that relief of full recovery of damages was identical, and thus "there do not appear to be any disparities in the success of the settlements obtained by the various claimants."); *In re Suboxone*, 2023 U.S. Dist. LEXIS 215754, at *26 (same).[11] This factor is most valuable when other claimants have litigated the same matter. Here, since no other claimants have litigated or settled this matter, this factor favors approval.

---

[11] *Brown v. Am. Home Prods. Corp. (In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.)*, No. 99-20593, 2000 U.S. Dist. LEXIS 12275, at *192 (E.D. Pa. Aug. 28, 2000) (Judge Bechtle equated this factor to the eighth and ninth Girsh factors).

18. ***Prudential* Factor 4: Whether Class Members are Accorded the Right to opt out of the Settlement**

This factor readily favors final approval, as the Class/Collective members were provided with an opportunity to exclude themselves from the settlement. No member excluded him/herself from the settlement. **Exhibit C ¶ 15.**

19. ***Prudential* Factor 5: Whether any Provisions for Attorney's Fees are Reasonable**

This factor favors approval because the Class Counsel's fees are reasonable, as set forth in the preliminary approval order. ECF No. 79 ¶ 5.

20. ***Prudential* Factor 6: Whether the Procedure for Processing Individual Claims is Fair and Reasonable**

This factor favors approvals when a class member's entitlement to relief entails an evaluation of individualized criteria, *see, e.g., Diet Drugs*, 2000 U.S. Dist. LEXIS 12275, at *193-94, and especially when the individual recovery is based on an objective pro rata share. *See Barenbaum v. Hayt, Hayt & Landau, LLC*, 2021 U.S. Dist. LEXIS 6854, at *15 (E.D. Pa. Jan. 13, 2021) ("the procedure for processing individual claims is fair and reasonable, as all class members will receive an equal pro rata share of the class recovery by mail."); *Somogyi*, 495 F. Supp. 3d at 352 ("The method of apportioning the settlement sum to be paid to each class member is also reasonable and appropriate. The administrative benefits of a pro rata distribution outweighs the headaches, delay, inefficiencies, and difficulties"). Here, the same is true. Each Class member's pro rata settlement payment is defined based on objective

payroll data.

A settlement also look favorable under this factor when class members need not to submit a claim form, as here. *See Cunningham v. Wawa, Inc.*, No. 18-3355, 2021 U.S. Dist. LEXIS 81712, at *16 (E.D. Pa. Apr. 21, 2021). And courts look to see if the claim procedure employed is standard in the industry. *See Beltran v. SOS Ltd.*, No. 21-7454 (RBK/EAP), 2023 U.S. Dist. LEXIS 9971, at *17 (D.N.J. Jan. 3, 2023) ("The claims procedure here is standardized across securities class actions."). Here, the claims procedure is common in wage and hour class actions. This factor favors approval.

### 21. *Baby Products* Factor: Degree of Direct Benefit Provided to the Class

In creating this factor, the Third Circuit sought to guard against situations in which large portions of the settlement proceeds were cy pres recipients rather than class members. *See Baby Products*, 708 F.3d at 171-76. This is not such a case.

### B.      The FLSA Collective Action

The Court must also make a final determination of the collective action at this "second stage" of the collective action, and the Court should approve the settlement.

### 1.      Final Collective "Certification"

Although courts often refer to this stage as "final certification", the Third Circuit has recently made clear that "'certification' of a collective action . . . is a misnomer." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 376 (3d Cir. 2022) ("The

FLSA does not mandate courts take any action to certify a collective action. (cting 29 U.S.C. § 216(b))). But no matter the terminology used, it is well-established that the court **must** make a "final" determination of the FLSA collective. *See Payton-Fernandez v. Burlington Stores, Inc.*, No. 22-608 (AMD), 2023 U.S. Dist. LEXIS 75258, at *12 (D.N.J. Apr. 28, 2023) ("the [c]ourt must certify the FLSA class before addressing the terms of the settlement" (quoting *Davis v. Essex Cty.*, Civil Action No. 14-cv-l122 (CCC-JBC), 2015 U.S. Dist. LEXIS 161285, at *6 (D.N.J. Dec. 1, 2015))); *Bredbenner*, 2011 U.S. Dist. LEXIS 38663, 2011 WL 1344745, at *16 (after granting conditional certification, court noted that it "must [] reach a final determination as to the FLSA class before addressing the terms of the settlement"); *Sawyer v. Health Care Sols. at Home, Inc.*, No. 5:16-cv-5674, 2019 U.S. Dist. LEXIS 61499, at *5 (E.D. Pa. Apr. 9, 2019)

The standard applied at this second stage is "whether the proposed collective plaintiffs are 'similarly situated.'" *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (quoting 29 U.S.C. § 216(b)). The court may look to other factors, "includ[ing] (but are not limited to): whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment." *Zavala*, 691 F.3d at 536-37.

Here, the plaintiffs easily met this requirement. The plaintiffs are all tipped

employees who were paid the same hourly rate, worked for the diner during the class period, and seek the same form of relief. *See Ricci v. Newrez LLC*, No. 5:22-cv-0650, 2023 U.S. Dist. LEXIS 186727, at *25 (E.D. Pa. Oct. 17, 2023) (finding hourly employees similarly situated who worked for same defendant and had same overtime legal claims); *Lovett v. Connect America.com*, No. CV 14-2596, 2015 U.S. Dist. LEXIS 121838, 2015 WL 5334261, at *2 (E.D. Pa. Sept. 14, 2015) (addressing final certification for settlement in absence of argument by parties and finding certification appropriate where plaintiffs held same position with defendant and alleged similar FLSA violation); *Davis*, 2015 U.S. Dist. LEXIS 161285, at *8 (concluding that putative class members were "similarly situated" to the class representatives because they "held the same job, worked overtime during the relevant class period, and each claims the same relief under the FLSA"). Thus, the FLSA collective should receive "final" approval.

### 2.    The FLSA Settlement Should Be Approved

The Court must evaluate the FLSA collective action settlement.  "Although the Third Circuit has not adopted a standard for evaluating the settlement of a FLSA action, district courts within the Third Circuit have followed the guidance set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)." *Fritz v. Terminite, Inc.*, Civil Action No. 19-15749 (SRC), 2020 U.S. Dist. LEXIS 153871, at *3 (D.N.J. Aug. 25, 2020); *see also Sam Li*, 2023 U.S.

Dist. LEXIS 134886, at *5 (applying *Lynn Food Stores* to evaluate individual FLSA settlement); *Kress v. Fulton Bank, N.A.*, No. 19-18985 (CDJ)(MJS), 2021 U.S. Dist. LEXIS 259351, at *30 (D.N.J. Sep. 17, 2021) (applying to collective FLSA settlement); *Cruz*, 2019 U.S. Dist. LEXIS 169071, at *10 and n.3 (same).

According, Courts within this district have adopted a three part-analysis: (1) the settlement concerns a bona fide dispute; (2) the settlement is "fair and reasonable"; (3) and the settlement does not frustrate the implementation of the FLSA in the workplace. *Gabrielyan v. S.O. Rose Apartments LLC*, 2015 U.S. Dist. LEXIS 135615, at *4 (D.N.J. Oct. 5, 2015) (adopting the *Lynn's Food Stores* standard and framing the three-part analysis).

### i      Bona Fide Dispute

"[F]or a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016). That is true here. Defendants have retained defense counsel and litigated the case for years. The adversarial nature of a litigated FLSA case is an adequate indicator of a bona fide dispute. *See Kauffman*, 2019 U.S. Dist. LEXIS 69298, at *6; *deMunecas v. Bold Food*, LLC, 2010 U.S. Dist. LEXIS 87644, *17 (S.D.N.Y. Aug. 23, 2010).

### ii      Settlement is Fair and Reasonable

"While factors for evaluating 'fairness' of a settlement in an FLSA collective action have not been definitively set out by the Third Circuit, district courts in this Circuit have utilized the *Girsh* factors established for approving Rule 23 class action settlements . . . ." *Sam Li v. Sushi to Go Cherry Hill, LLC*, No. 22-4734 (EAP), 2023 U.S. Dist. LEXIS 134886, at *8 (D.N.J. Aug. 3, 2023) (quoting *Brumley v. Camin Cargo Control, Inc.*, Civil Action No. 08-1798 (JLL), 2012 U.S. Dist. LEXIS 40599, at *13-14 (D.N.J. Mar. 26, 2012).[12] The *Girsh* factors favor final approval.

### iii      Settlement Does Not Frustrate the FLSA's Purpose

FLSA settlements run afoul of this requirement when they contain confidentiality agreements, possess overly-broad release language, or the settlement is filed under seal. *See Mitchell v. People for People Charter School, Inc.*, 2018 U.S. Dist. LEXIS 72691, *8 (E.D. Pa. Apr. 27, 2018) (citing cases); *see also Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 300583, at *3 ("broad consensus" that FLSA settlement agreements should not be confidential); *Kress*, 2021 U.S. Dist.

---

[12] *See Singleton*, 2014 U.S. Dist. LEXIS 108427, 2014 WL 3865853, at *8 (proposed settlement was reasonable for FLSA approval purposes upon incorporating by reference analysis of *Girsh* factors applied to class action under Rule 23 in same opinion); *Brumley*, 2012 U.S. Dist. LEXIS 40599, at *13-14 ("While factors for evaluating 'fairness' of a settlement in an FLSA collective action have not been definitively set out by the Third Circuit, district courts in this Circuit have utilized the Girsh factors."); *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 U.S. Dist. LEXIS 30366, at *7-8 (E.D. Pa. Mar. 7, 2014)

LEXIS 259351, at *33. (approving settlement because "it does not release unrelated claims"). This settlement suffers from no such deficiencies.

### C. The Requested Service Award Warrants Final Approval

As the Third Circuit has recognized, service awards are not uncommon in class or collective action litigation because the "purpose of these payments is to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation, and to reward the public service of contributing to the enforcement of mandatory laws." *Sullivan*, 667 F. 3d at 333 n. 65.

The $10,000 service award to Plaintiff is well within the range that has been previously approved by courts in the Third Circuit. *See, e.g., Schaub v. Chesapeake & Delaware Brewing Holdings*, 2016 U.S. Dist. LEXIS 157203, *15 (E.D. Pa. Nov. 14, 2016) ($9,000 service award in tip-pooling class action); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2016 U.S. Dist. LEXIS 31732, *2-3 (M.D. Pa. Mar. 10, 2016) ($10,000 service awards in tip-pooling class action). The named Plaintiff provided exceptional assistance to Class Counsel in developing the claims in this case and throughout the litigation, which was filed nearly three years ago. Accordingly, the service award is reasonable and appropriate.

**D.    The Requested Attorneys' Fees of $300,000 Warrant Approval**

The settlement contemplates $300,000 in attorney's fees, plus expenses. *See* Agreement (ECF No. 76-3 at ¶ 4.13). This fee request – preliminary approved by this Court on August 23, 2023 (ECF No. 79 at ¶5) – was expressly included in the Class Notice and disseminated to all Class Members. *See* Notice (ECF No. 76-4 at ¶8). No Class Member objected to this provision (or any provision).

**1.    The "Percentage of the Fund" Method Favors Approval**

The "percentage of the fund" method of reviewing class action fee requests "is generally favored . . . because it allows courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." *In re Rite Aid Corp. Securities Litig.*, 396 F.3d 294, 300 (3d Cir. 2005); *accord In re AT&T Corp. Securities Litig.*, 455 F.3d 160, 164 (3d Cir. 2006); *Prudential*, 148 F.3d at 333; *General Motors*, 55 F.3d at 821; *see also Mabry v. Hildebrandt*, 2015 U.S. Dist. LEXIS 112137, at *9 (E.D. Pa. Aug. 24, 2015) ("percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases").

Here, a "percentage of the fund" analysis favors approval because the $300,000 fee equals one-third of the non-reversionary settlement fund, which has been readily approved in similar cases by this Court. *See Maddy*, 2017 WL 2780741, at *6-8 (approving attorneys' fees in amount of one-third of settlement plus expenses in collective and class action lawsuit under FLSA and state's laws); *Kress*, 2021 U.S.

34

Dist. LEXIS 259351, at *34 ("Counsel's request for one-third of the settlement fund falls within the range of reasonable allocations in the context of awards granted in other, similar cases") (collecting cases); *see also Caddick v. Tasty Baking Co.*, No. 2:19-cv-02106-JDW, 2021 U.S. Dist. LEXIS 206991, at *15 (E.D. Pa. Oct. 27, 2021) (The proposed attorneys' fees are $1,050,000.00 out of $3,150,000.00, approximately 33%. That percentage is within the range of reasonable fees approved by courts in this Circuit."); *Brown v. Progressions Behavioral Health Servs.*, *Inc.*, No. CV 16-6054, 2017 WL 2986300, at *5-7 (E.D. Pa. July 13, 2017) (same).

### 2.    The *Gunter/Prudential* Factors Favor Approval

In evaluating the reasonableness of Class Counsel's request for a fee equaling one-third of the settlement fund, the Court may consider seven factors described by the Third Circuit in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000), and the three additional factors described by the Third Circuit in *Prudential*, *supra*. *See AT&T*, 455 F.3d at 165-66.  These factors favor approval of the requested fee:

#### *Gunter Factor 1: The Size of the Fund Created and Persons Benefitted*

This factor favors final approval because the settlement enables the 385 Class/Collective members to share in $600,000 excluding expenses, the cost of notice, and the $10,000 service award. Each class member will be receiving approximately $0.98 per hour worked from January 25, 2015 until January 26, 2023, before the costs of notice and administration and reimbursement of expenses.

### *Gunter Factor 2: The Absence of Substantial Objections*

This factor favors approval because no Class member has objected even though the requested fee was disclosed in the Notice. *See* ECF No. 76-4 ¶ 8.

### *Gunter Factor 3: The Skill and Efficiency of the Attorneys*

This factor favors approval because Class Counsel are well-recognized class action litigators. *See Caddick*, 2021 U.S. Dist. LEXIS 206991, at *25 (recognizing Class Counsel, including Charles J. Kocher, Esq. of McOmber McOmber & Luber, P.C., as "qualified and experience advocates in class litigation, including employment litigation, and demonstrated their skills to the Court's satisfaction"). Class Counsel has efficiently brought this matter to a favorable resolution.

### *Gunter Factor 4: The Complexity and Duration of the Litigation*

This factor is identical to the first *Girsh* factor is readily satisfied.

### *Gunter Factor 5: The Risk of Nonpayment*

This factor favors approval because Class Counsel works on a pure contingency fee basis, which makes non-payment a very real risk. As discussed above, there exist numerous risks in the context of this litigation, including the solvency of Defendants, as contemplated at the mediation before Judge Welsh. Indeed, Plaintiffs' counsel have been working on this litigation since prior to the filing of the Action on January 25, 2021 (ECF No. 1), almost three years ago.

### Gunter Factor 6: The Amount of Time Devoted to Case

Class Counsel have invested over 822.1 hours in time in this matter. *See* Kocher Decl. at ¶ 3. Such a substantial time investment favors approval.

### Gunter Factor 7: The Awards in Similar Cases

This factor favors approval because the request fee (one-third of the settlement fund) is aligned with similar awards in the Third Circuit. *See Ripley v. Sunoco, Inc.*, 287 F.R.D. 300 (E.D. Pa. 2012) (in wage/overtime class action, "fees of 33% of the settlement fund fall within the range recognized in the Third Circuit as reasonable"); *Craig v. Rite Aid Corp.*, 2013 U.S. Dist. LEXIS 2658, at *46-47 (M.D. Pa. Jan. 7, 2013) (citing cases).

### Prudential Factor 1: Value of Benefits Attributable to Class Counsel

This factor favors approval because no other groups or governmental agencies have brought parallel actions or investigations.

### Prudential Factor 2: Percentage of Fee had the Case Been Subject to a Private Contingent Fee Agreement

This factor favors approval given that contingency fees in this region generally range between 30% and 40%. *See Craig*, 2013 U.S. LEXIS 2658, at *47. Therefore, this factor warrants approval of the one-third fee recovery sought here.

### Prudential Factor 3: Innovative Terms of Settlement

This factor is neutral as there are no innovative terms of the settlement.

### 3. The Lodestar Crosscheck Favors Approval

While not required, judges awarding fees under the percentage of recovery method may perform a "lodestar crosscheck" in order to ensure that class counsel are not receiving too great of a windfall for their representation of the class. *See Rite Aid.*, 396 F.3d at 305-07. However, the "cross-check calculation need entail neither mathematical precision nor bean-counting." *Id.* at 306. Moreover, lodestar multiples ranging from "one to four are frequently awarded in common fund cases when the lodestar method is applied." *Prudential*, 148 F.3d at 341; *Maddy*, 2017 WL 2780741, at *6 n.6 (2.09 multiplier reasonable); *Taveras v. S-L Distribution Co., Inc.*, 2016 U.S. Dist. LEXIS 57689, at *52-55 (M.D. Pa. May 2, 2016) (2.29 multiplier); *Rouse v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 49347, at *34-35 (E.D. Pa. Apr. 15, 2015) (2.09 multiplier in wage/overtime class action).

Here, the requested $300,000 fee results in a negative lodestar multiplier of 0.95 (Requested Fee [$300,000] divided by Collective Lodestar [$314,652.5]). *See Maddy*, 2017 WL 2780741, at *6 n.6 (citation omitted) ("The multiplier is determined by dividing the requested fee award, determined from the percentage-of-recover method, by the lodestar."). "Because the lodestar cross-check results in a negative multiplier, it provides strong evidence that the requested fee is reasonable." *In re Valeant Pharms. Int'l Third-Party Payor Litig.*, 2022 U.S. Dist. LEXIS 31090, at *23 (D.N.J. Feb. 22, 2022) (citing *Castro v. Sanofi Pasteur Inc.*, 2017 U.S. Dist.

LEXIS 174708, 2017 WL 4776626, at *9 (D.N.J. Oct. 23, 2017)). This time does not account for time spent in connection with the Final Approval hearing or post-approval work, further underscoring the reasonableness of the fee request.

Since this case was filed in January 25, 202, Class Counsel did the following substantive work to bring real relief to the Class/Collective: investigated the facts and legal claims; met with the Class Representative Plaintiff to investigate facts; propounded and responded to discovery; drafted the Complaint and pleadings; successfully filed and argued motions for conditional certification of the FLSA collective class certification and to certify the litigated Class on January 23, 2023 (ECF No. 65); prepared and responded to motions for summary judgment and successfully argued the same at the January 23, 2023 hearing; mediated case before Hon. Michael Donio (Retired) and Hon. Diane M. Welsh (Retired); drafted Memorandum of Understanding and Settlement Agreement; prepared approval papers; supervised dissemination of Class Notice; and communicated with Class/Collective members regarding the settlement. Kocher Decl. ¶ 3.

The lodestar amount ($314,652.50) reflected in **Exhibit A** is for work performed by attorneys and professional staff at or affiliated with my firm for the benefit of the Class through December 18, 2023. The hourly rates for the attorneys and professional staff in my firm reflected in **Exhibit A** are the hourly rates historically charged by my firm in other complex litigation matters and have been

approved as reasonable. *See Corbin v. Am. Home Crafters Remodeling*, Docket No. CAM-L-2043-20 (N.J. Super. Ct. Law Div. May 24, 2022).

My firm has expended a total of $18,861.46 in unreimbursed costs and expenses in connection with the prosecution of the Action from inception of the case through and including December 18, 2023. Kocher Decl. ¶ 4. These costs are set forth in the Schedule attached as **Exhibit B**. *Id.* They were incurred on behalf of Plaintiffs by my firm and have not been reimbursed. Of these expenses $6,010.92 was paid to Angeion for a partial payment of the cost of notice and administration. Angeion anticipates a total of approximately $30,000 to fully distribute and administer the settlement. *Id.*

## IV.   CONCLUSION

For the above reasons, the Court should grant this Unopposed Motion to give final approval to the settlement, attorneys' fees and expenses, and the service award.

Dated: December 21, 2023          By:   */s/ Charles J. Kocher*
                                        Charles J. Kocher, Esq. (NJ ID 016952004)
                                        Tyler J. Burrell, Esq. (NJ ID 377942021)
                                        McOMBER McOMBER & LUBER, P.C.
                                        50 Lake Center, Suite 400
                                        Marlton, NJ 08053
                                        Phone: (856) 985-9800
                                        cjk@njlegal.com
                                        tjb@njlegal.com
                                        *Class Counsel*